# PULLMAN COMPANY *v.* KNOTT, COMPTROLLER OF THE STATE OF FLORIDA.

## SAME *v.* SAME.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF FLORIDA.

Nos. 383, 384. Argued October 21, 1914.—Decided November 2, 1914.

The constitution of the State is not taken up into the Fourteenth Amendment of the Constitution of the United States. *Burt* v. *Smith*, 203 U. S. 129.

A state tax will not be upset under the equal protection provision of the Fourteenth Amendment upon hypothetical or unreal possibilities if good upon facts as they are. *Keokee Consolidated Coke Co.* v. *Taylor*, 234 U. S. 224.

*Quære,* whether a classification of sleeping and parlor car companies excluding railroad companies operating their own sleeping and parlor

cars is, so arbitrary as to be unconstitutional under the equal protection provision of the Fourteenth Amendment.

The provision in the statute involved in this case that the proper state officer fix the amount of gross receipts on which the tax shall be based in case the party subject to the tax shall fail to make a report of the actual gross receipts as required by the statute, *held* not a deprivation of property without due process of law under the Fourteenth Amendment as denying an opportunity to be heard.

The court in this case declines to overthrow a state taxing statute on the ground of its invalidity under the state constitution as the decisions of the state court sustaining similar statutes are apparently broad enough to cover this statute, even though there may be possible distinctions between it and the statutes involved in the other cases. *Louisville & Nashville R. R. Co.* v. *Garrett*, 231 U. S. 298.

The statutes of Florida of 1907 and 1913 imposing taxes on sleeping and parlor car companies held not unconstitutional under the Federal or the state constitution.

THE facts, which involve the constitutionality of a statute of Florida taxing sleeping car companies, are stated in the opinion.

*Mr. Frank B. Kellogg*, with whom *Mr. Gustavus S. Fernald* and *Mr. John E. Hartridge* were on the brief, for appellant:

The tax is not a capitation tax or a license tax provided for by § 5 of art. 9 of the Florida constitution.

The tax is not an *ad valorem* tax based upon a "just valuation of all property" and provided for by "a uniform and equal rate of taxation" throughout the State.

The statute and imposition of the tax thereunder deprives the appellant of its property without due process of law, and denies to appellant the equal protection of the laws in violation of the Fourteenth Amendment of the Constitution of the United States.

The case presented is within the cognizance of the equity jurisdiction of the Federal court.

*Mr. Thomas F. West*, Attorney General of the State of Florida, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

These are suits to prevent the collection of a tax on gross receipts for different years, derived from business done by the appellant in the State of Florida, and to have the laws under which the tax would be assessed, declared contrary to the Fourteenth Amendment. The bills are like those stated in 231 U. S. 571, and aver the following facts. Chapter 5597 of the laws of Florida for 1907, now § 44 of Chapter 6421 of the laws of 1913, imposes a license tax, which has been paid. Section 46 of Chapter 5596 of the laws of 1907 imposes a tax *ad valorem*, which also has been paid, with immaterial exceptions. Up to 1907 this property tax had not existed, but sleeping and parlor car companies had been required to make a return of gross receipts from business done between points within the State and to pay a percentage upon such returns, which it paid in lieu of all other taxes. But by § 47 of said Chapter 5596 (now § 45 of Chapter 6421 of the laws of 1913), the last mentioned tax was continued in force alongside of the new *ad valorem* tax of § 46, and the appellant contends that after the levying of a property tax the tax on gross returns became void. An application for a preliminary injunction was heard before three judges and was denied, whereupon this appeal was taken and a *supersedeas* was granted upon payment of the sum in dispute into court.

The cases come here upon an alleged infringement of the Constitution of the United States, but are argued mainly upon the constitution of the State. Of course the latter is not taken up into the Fourteenth Amendment. *Castillo* v. *McConnico*, 168 U. S. 674. *Burt* v. *Smith*, 203 U. S. 129, 135. It can be considered only because the cases come from the District Court upon the other ground. We will deal with the Federal question first. It is suggested that there is an arbitrary classifica-

tion because the tax is confined to sleeping and parlor car companies and does not fall upon railroads operating their own sleeping and parlor cars. If otherwise this were a valid objection, as to which we need express no opinion, it is enough to say that a tax is not to be upset upon hypothetical and unreal possibilities, if it would be good upon the facts as they are. *Keokee Consolidated Coke Co.* v. *Taylor*, 234 U. S. 224. It does not appear that any railroad in Florida does operate its own sleeping or parlor cars, and the Attorney General of the State denies that such a case exists.

The other objection urged is that the tax payer is not given a hearing. The statute, as we have said, requires the companies to make a report and fixes a percentage ($1.50 per $100) to be paid. If the report is not made the Comptroller is to estimate the gross receipts and add ten per cent. of the amount of the taxes as a penalty. If the companies do as required there is nothing to be heard about. They fix the amount and the statute establishes the proportion to be paid over. *Bell's Gap R. R. Co.* v. *Pennsylvania*, 134 U. S. 232. The provision in case of their failure to report is not, as it seemed to be suggested in argument, an alternative left open for the companies to choose. It is a provision for their failure to do their duty. In that event their chance and right to be heard have gone by.

We do not feel called upon to discuss the objections under the constitution of the State at length. Starting with the conceded proposition that the tax to be valid must be either *ad valorem* or a license tax, the appellant argues that this cannot be a license tax, as was held by the Judges who refused the injunction, because the payment of it is not made a condition of the right to do business; because another tax is imposed in terms for a license; and because the history of the law shows that for years it took the place of a property tax. These considerations

undoubtedly are very strong. But as we·are dealing with the validity of the law under the state constitution, a matter that must be decided finally by the state court, and as the state court has held other gross earning taxes to be license taxes, *Afro-American Industrial Benefit Ass'n* v. *Florida*, 61 Florida, 85, 89, we are of opinion that if this act is to be overthrown it should not be overthrown by us. It is true that there are possible distinctions between this case and the Florida decision cited, but it seems to us not improbable that the Supreme Court had in view a principle broad enough to cover the case at bar. *Louisville & Nashville R. R. Co.* v. *Garrett*, 231 U. S. 298, 305.

*Decree affirmed.*