THE PULLMAN COMPANY, A CORPORATION, *Appellant,* v. W. V. KNOTT, AS COMPTROLLER, *Appellee.*

Opinion Filed June 26, 1915.

1. License taxes are not required to be uniform; but under the constitutional authority to provide for levying a tax on licenses, the legislature may impose such purely license, occupation or privilege taxes as it deems proper when no property right that is secured by the constitution is thereby violated.

2. No provision of the constitution forbids the imposition of license or privilege taxes on the right to do business in the State and also on the gross receipts of such business. Both of these exactions are in the nature of license or privilege or occupational taxes.

3. The character and extent of taxes imposed are within the legislative discretion when constitutional limitations are not violated.

4. By imposing a license tax as a condition precedent to the right to do intra-state business in the State and also a tax upon the gross receipts of such business, the legislature has not violated the constitution or exceeded its powers; and it is not material whether the two taxes are imposed by one or by different statutes enacted concurrently or at different times. The policy disclosed in the exactions made is not subject to judicial review.

5. The provisions of Section 47, Chapter 5596, Acts of 1907. Section 45, Chapter 6421, Acts of 1913, Section 596qq Compiled Laws of 1914, imposing upon all sleeping and parlor car companies in the State a tax of one dollar and fifty cents upon each one hundred dollars of the gross receipts from business done between points in this State, are fairly covered by the title of the acts, and do not deny due process of law or the equal protection of the laws.

Appeal from Circuit Court, Leon County; D. A. Simmons, Judge.

Decree affirmed.

*Hartridge & Hartridge,* for Appellant;

*T. F. West, Attorney General,* for Appellee.

WHITFIELD, J.—Suit was brought by the Pullman Company to enjoin the State Comptroller from enforcing, by levy upon cars of the complainant company, the payment of the sum of one dollar and fifty cents ($1.50) upon each one hundred ($100.00) dollars of the gross

receipts of the company derived from business done between points in this State by such cars, such tax being by statute imposed upon all sleeping and parlor car companies in the State. Sec. 47 Chap. 5596 Acts of 1907; Sec. 45 Chap. 6421 Acts of 1913; Sec. 596qq Compiled Laws of 1914. Relief is sought upon the theory that the statute imposing such tax violates the State and Federal Constitutions in that it deprives the complainant of its property without due process of law and denies to it the equal protection of the laws. Injunction is asked on the ground that the remedy at law is inadequate. A demurrer to the bill of complaint was sustained and the bill dismissed. The complainant company appealed. As the Attorney General asks for a decision on the merits of the case, the right of the complainant to proceed in an equity forum will not be discussed, in view of the nature and uses of sleeping and parlor cars on which a levy is sought to be enjoined.

The argument is that since the Pullman Company pays a property tax upon its cars used in this State, and also pays "a license tax of five thousand five hundred dollars ($5,500.00)" for doing intrastate business in this State, the tax of $1.50 upon each $100.00 of the gross intrastate receipts from the Pullman cars violates the taxation and due process of law provisions of the State Constitution, and the Fourteenth Amendment of the Federal Constitution. That the tax here complained of does not violate the Federal Constitution has been directly adjudicated in Pullman Company v. Knott, Comptroller, 235 U. S. 23, Sup. Ct. Rep. . It does not appear that the tax is an oppressive burden arbitrarily or otherwise illegally put upon the complainant. See Peninsular Casualty Co. v. State, 68 Fla. 411, 67 South. Rep. 165.

License taxes are not required to be uniform; but under the constitutional authority to provide for levying a tax on licenses, the legislature may impose such purely license, occupation or privilege taxes as it deems proper when no property right that is secured by the constitution is thereby violated. No provision of the constitution forbids the imposition of license or privilege taxes on the right to do business in the State and also on the gross receipts of such business. Both of these exactions are in the nature of license or privilege or occupational taxes. See Afro-American Industrial & Benefit Ass'n of the United States v. State, 61 Fla. 85, 54 South. Rep. 383; Johnson v. Armour, 31 Fla. 413, 12 South. Rep. 842. The character and extent of taxes imposed are within the legislative discretion when constitutional limitations are not violated. By imposing a license tax as a condition precedent to the right to do intrastate business in the State and also a tax upon the gross receipts of such business, the legislature has not violated the constitution or exceeded its powers; and it is not material whether the two taxes are imposed by one or by different statutes enacted concurrently or at different times. The policy disclosed in the exactions made is not subject to judicial review. The provisions imposing the taxes are fairly covered by the title to the acts, and there is nothing to indicate that they were not duly enacted. The exactions as made do not deny to the complainant due process of law. Pullman Company v. Knott, Comptroller, *supra;* Peninsular Casualty Co. v. State, *supra.* The principle announced in Afro-American Industrial & Benefit Ass'n of the United States v. State, *supra,* is applicable to this case, and the statute imposing the percentage tax upon the gross intrastate receipts of sleeping and parlor car companies in the

State does not violate the tax provisions of the State constitution or the constitutional property rights of the complainant. See Peninsular Industrial Ins. Co. v. State, 61 Fla. 376, 55 South. Rep. 398; Peninsular Casualty Co. v. State, *supra*.

·The decree is affirmed.

· TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.