W. R. MacGuyer *et al.*, *Appellants*, v. City of Tampa, a Municipal Corporation, *Appellee.*

En Banc.

Opinion Filed February 21, 1925.

1. Section 8, Article VIII, of the State Constitution gives to the legislature full powers in forming municipalities, and the provisions of a statute on the subject control, unless some other section of the Constitution is violated by the enactment.

2. The express legislative authority to establish and to abolish municipalities and to prescribe their jurisdiction and powers obviously includes the power to annex territory to an existing municipality.

3. Chapter 9920, Acts of 1923, does not violate Section 16 of Article III of the Constitution, since the Act contains only matter properly connected with the subject expressed in the title.

4. Inaccuracies if any in the descriptions of the territory that is annexed to a city do not render the Act invalid.

5. Chapter 9920, Acts of 1923, confers governmental jurisdiction, not proprietary rights, upon the city in the annexed territory; and the validity of the enactment is not dependent upon the consent of inhabitants of the annexed territory.

An Appeal from the Circuit Court for Hillsborough County; L. L. Parks, Judge.

Decree affirmed.

*Leo Stalnaker* and *John R. Stofer*, for Appellants;

*Hilton S. Hampton,* for Appellee.

PER CURIAM.—Chapter 9920, Laws of 1923, is "AN ACT to Extend the Corporate Limits of the City of Tampa, Florida, and to Prescribe the Liability of said Annexed Territory for Existing Bonded Indebtedness."

"Section 1.    That the corporate limits of the City of Tampa, Florida, be, and the same are hereby extended, and said City shall embrace, include and have jurisdiction over all the following adjacent territory not now included within the corporate limits of said City, to-wit: (description omitted.)

"Sec. 2.    No real or personal property within the territory above described shall be liable for or taxed to pay any bonded indebtedness of the City of Tampa existing at the time of the passage of this Act, or authorized by a vote of the electors of said City at an election held prior to the passage of this Act."

By bill in equity brought by appellants as complainants residing in the territory affected by the above enactment, it is sought to enjoin the city of Tampa from enforcing governmental regulations in the territory added to the city

by the statute. The bill of complaint was dismissed and complainants appealed.

Section 8 of Article VIII of the Constitution is as follows:

"The legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their juricdiction and powers, and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors."

This organic provision gives to the legislature full powers in forming municipalities, and the provisions of· a statute on the subject control unless some other section of the Constitution is violated by the enactment. The express legislative authority to establish and to abolish municipalities and to prescribe their jurisdiction and powers obviously includes the power to annex territory to an existing municipality. The quoted statute does not violate Section 16 of Article III of the Constitution, since the Act contains only matter properly connected with the subject expressed in the ttile.

Inaccuracies if any in the descriptions of the territory that is annexed to the city do not render the Act invalid and do not concern the appellants even if they have a right to maintain this suit on the ground of peculiar injury to them.

The statute confers governmental jurisdiction, not proprietary rights, upon the city in the annexed territory; and the validity of the enactment is not dependent upon the consent of inhabitants of the annexed territory.

The statute is not invalid for any reason advanced for the appellants, and the decree appealed from is affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.