CITY OF WEST PALM BEACH, *Appellant,* v. ERNEST AMOS, as Comptroller, *Appellee.*

En Banc.

Opinion filed October 17, 1930.

*J. Mark Wilcox,* and *Winters, Foskett & Wilcox,* for Appellant;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for Appellee.

STRUM, J.—The question here presented is whether or not the tax imposed by Chapter 13756, Acts of 1929 (p.456), upon the storage of gasoline and other petroleum products applies to the storage of gasoline by municipalities for their own public use.

Complainant below, a municipal corporation, sought an injunction against the collection of the tax. A demurrer to the bill of complaint was sustained and the injunction denied, from which order this appeal is taken.

Complainant presents three major contentions: First, that the tax, in its general application, is repugnant to constitutional limitations and void. Second, that the Act does not by its terms extend to municipal corporations. Third, that if the tax be valid generally, and even if it purports to apply to municipal corporations, the tax as to such corporations is void as an attempt to tax property held and used exclusively for municipal purposes, contrary to the Constitution of Florida, Art. IX, Sec. 1, and Art. XVI, Sec. 16.

The first contention is largely disposed of by what was said in Jerome H. Sheip Co. v. Amos, this day filed, in which the tax is held to be an excise upon the privilege of storage, and valid as against the objections therein raised.

The further objection is here made that because this tax is payable only on account of the storage of gasoline and

like petroleum products "imported into this State from any other state or foreign country, or received by any means into this State," the tax constitutes an obnoxious discrimination based solely upon origin. See ex parte Smith, 128 So. R. 864. That contention is untenable. Excises may be imposed by the State upon the use of property in this state, particularly of certain classes, when the property is not in interstate commerce. See Askren v. Cont. Oil Co., 252 U. S. 444, 64 L. Ed. 654; Wagner v. Covington, 251 U. S. 95, 64 L. Ed. 157. Under this statute, the origin of the property is not the criterion of the tax. The tax is imposed upon a taxable privilege exercised wholly within this State at the election of the owner. Liability for the tax arises, not by reason of its origin, but by reason of the storage of the gasoline in this State after it has been severed from interstate commerce. Under this statute, gasoline may be imported and freely subjected to any of its common uses, so long as it is not stored longer than twenty-four hours. Storage, as contemplated by this statute, is not essential to free importation. If there is no storage in this State, there is no liability for this tax. As stated in Sheip Co. v. Amos, *supra*, this statute is complementary to the sales tax statutes, for the purpose of effectuating the State's public policy as to the revenue to be derived from the use of gasoline in this State, and to forestall the evasion of that policy.

That the effect of this tax is not to work an injurious discrimination, solely on the basis of origin, against commodities produced in other states—contrary to Sec. 1 of the Fourteenth Amendment, or to Sec. 2, Art. IV, of the Federal Constitution—is conclusively demonstrated by the fact, of which we take judicial notice, that no gasoline or other petroleum products are produced in this State. All such products used here are imported from other states or countries. On account of that fact, this tax

necessarily applies alike to the storage of all such products used in this State, notwithstanding their origin, save those. for which a sales tax has been paid, the latter being exonerated from the storage tax by virtue of the expressed legislative intent not to exact both a sales tax and a storage tax with reference to the same products. The circumstances attending this tax are therefore not within the purposes of the constitutional inhibitions last referred to.

Complainant's second contention is that the statute does not extend to the gasoline by municipal corporations, when such gasoline is to be used and consumed for public use, because the latter part of Sec. 1 of the statute refers only to gasoline kept in storage to be used and consumed in this State "by any person, firm or corporation."

It has been held by this Court that a city or county is a governmental as well as a corporate entity and ordinarily is not, in its governmental capacity, a "person or corporation." State v. Peninsular Tel. Co., 73 Fla. 913, 75 So. R. 201. It is therefore contended that storage of gasoline by the complainant city for use in its governmental capacity is not within the exaction of the statute, since such gasoline is not to be used or consumed "by any person, firm or corporation."

The intent of the legislature is the essence of a statute. That intent may be evidenced by clear implication and intendment as well as by express words. State v. Patterson, 67 Fla. 499, 65 So. R. 659; Getzen v. Sumter County, 89 Fla. 45, 103 So. R. 104. When that intent harmonizes with constitutional limitations, it controls. The intent of the legislature in this instance is strikingly illuminated by the legislative history of the statute.

As originally introduced in the house of representatives as House Bill 170 (H. J. p. 41), the exactions of Sec. 1 applied only to "any person, firm or corporation" who

shall import and store petroleum products, etc. Sec. 6 carried an express provision that the tax should not apply to the storage of petroleum products "received and stored in this State to be used solely and exclusively for state, county or municipal purposes." The bill passed the House in that form, after the proviso constituting the last nine lines of Sec. 6 (and other amendments not material here) were added by amendment. (H. J. p. 272).

In the senate, the bill was amended (S. J. p. 443) as follows: "In Sec. 6, line 8, after the word 'commerce' strike out the words down to the word 'provided' in line 11." This amendment deleted from Sec. 6 the following, which originally appeared immediately after the provision that the tax should not apply to petroleum products stored in interstate commerce: "Or any gasoline or other product of petroleum which is received and stored in this State to be used solely and exclusively for state, county or municipal purposes." The bill was originally passed by the Senate in that form on May 20, 1929 (S. J. p. 443), Sec. 1 requiring the tax to be paid by "every person, firm or corporation," but with the original exemption of gasoline "to be used solely for state, county or municipal purposes" eliminated. The legislative intent is further demonstrated by subsequent proceedings. On May 21, 1929 (S. J. p. 451), a motion to reconsider the vote by which House Bill 170 was passed (by the Senate) on May 20, 1929, was made in the Senate and prevailed. On May 24, 1929 (S. J. p. 547), the bill by unanimous consent, was placed back on third reading for further consideration, and was amended as follows: "In Sec. 1, line 1, after the word 'firm' strike out the words 'or corporation' and insert the following: 'corporation, municipalities, counties or any subdivision thereof'." As so amended, the bill was finally passed, the House concurring in the Senate amend-

ments. As then enacted Sec. 1 provided: "Every person, firm, corporation, municipalities, counties or any subdivision thereof" in the State of Florida "which" shall import and store gasoline as in the Act specified, "to be used and consumed in this State 'by any person, firm or corporation'" shall pay the prescribed tax. Complainant grounds its present contention upon the fact that the language last quoted, appearing near the end of Sec. 1, was not amended so as to expressly refer to consumption by "municipalities, counties," etc.

It is to be conceded that grammatical precision would have been served by so amending the latter language. In view, however, of the other amendments, the legislative intent is unmistakable that although the gasoline be owned by municipalities and stored for their own public use, the privilege tax upon storage shall nevertheless apply. The context of the statute fully supports that view by clear implication and intendment. When the context of a statute, taken literally, conflicts with a plain legislative intent clearly appearing, the context must yield, otherwise the legislative purpose would be defeated. The rule is one of frequent application in solving an apparent statutory ambiguity. State v. Sullivan, 95 Fla. 191, 116 So. R. 255; Payne v. Payne, 82 Fla. 219, 89 So. R. 538; State v. Johnson, 71 Fla. 363, 72 So. R. 477.

The third contention here made is largely disposed of by what was said in Orange State Oil Co. v. Amos, this day decided, disposing of a similar contention against the gasoline sales tax under Art. IX, Sec. 1 of the Constitution.

It is unnecessary for us to determine whether or not municipal corporations are contemplated by the provisions of Art. XVI, Sec. 16, Constitution of Florida. Even if they are, the exemption contemplated by the exception in the latter part of that section extends only to property taxes,

just as the permissive exception in the latter part of Art. IX, Sec. 1, which was discussed in the Orange State Oil Co. case. The exception in any event is not an inhibition against excises.

The order appealed from is affirmed.

TERRELL, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.