CITY OF LAKELAND, FLORIDA, a municipal corporation, et al., *Appellants,* vs. ERNEST AMOS, as Comptroller of the State of Florida, *Appellee.*

143 So. 744.

En Banc.

Opinion filed October 1, 1932.

874

*Austin Miller, Gov Hutchinson, Emmet Safay, J. M. Austin, M. H. Jones, Giles & Gurney, Edwards & Harris, Peterson, Carver & Langston* and *M. A. Wilson,* for Appellants;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for Appellees.

WHITFIELD, J.—This is from a decree dismissing a bill of complaint in which it is prayed that the State Comptroller be enjoined from enforcing Chapter 15658, Acts of 1931, in so far as it may purport to apply to the complainant municipal corporations, it being in effect contended that the subject expressed in the title of the Act to-wit: "imposing a tax upon all corporations, firms and individuals receiving payment for electricity for light" etc., does not include municipal corporations, and that even if the provisions of the Act may be held to include municipal corporations, such inclusion violates provisions of organic law relating to municipal corporations.

The main question for determination is whether the words "all corporations" as used in the Act, do include and may legally include municipal corporations.

Municipalities are primarily incorporated with authority to perform local governmental functions including maintenance of streets within designated boundaries, in the interest of the public order, health, safety and welfare. See Act to Incorporate the City of Pensacola, approved August 23, 1822; Acts of December 22, 1824, December 5, 1825; Acts to Incorporate the City of St. Augustine, approved September 13, 1822 and December 28, 1824; Act to Incorporate the City of Tallahassee, approved December 9, 1825, Act of January 18, 1827; Act to Incorporate the Town of Jacksonville, approved February 11, 1832. See also general provisions in Chapter 1638, Acts of 1868, and Chapter 1688, Acts of 1869; Chapter 7024, Acts of 1877; sections 2949 (1839) et seq., C. G. L. In the absence of organic prohibitions municipal corporations have also been authorized by statutes to perform proprietary and business functions for the convenience and benefit of their inhabitants, such as the furnishing of water, light, heat or power and other utilities and facilities, for business, health, pleasure or domestic uses. See present Charter Acts of the City of Jacksonville, Chapter 3775, Acts 1887; Chapter 7659, Acts of 1917; Chapter 11561, Acts of Extra Session of 1925, and amendatory Acts; Chapter 4600, Acts of 1897; section 3058 (1925) C. G. L. See also the statutory charters of municipal corporations granted in recent years in this State. The governmental functions and the corporate business activities of a municipal corporation are quite different; and each class of such charter powers may be regulated by distinct principles and provisions of law. In general when a municipality exercises a corporate authority to engage in a permissible business or corporation as distinguished from the performance of an authorized governmental function, the regulations that are by law applicable to such business activities or occupations when engaged in by private corporations, may be made applicable to municipal

corporations when under appropriate authority they engage in such occupations or business activities. See Hamler v. City of Jacksonville, et al., 97 Fla. 807, 122 So. 220; Chardkoff Junk Co. v. City of Tampa, 102 Fla. 501, 135 So. 457; Loeb v. City of Jacksonville, 101 Fla. 429, 134 So. 205; Eliot v. Freeman, 220 U. S. 178, text 179, 31 Sup. Ct. Rep. 360, 55 Law Ed. 424; City of Logansport v. Pub. Service Commn., 202 Ind. 523, 177 N. E. 249, 76 A. L. R. 838; 19 R. C. L. p. 697; 43 C. J. 69 et seq.

Section 8, Article VIII of the Florida constitution contains the following:

"The Legislature shall have power to establish and to abolish, municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time."

Under this organic section, statutes may confer upon a municipality any power or authority that does not conflict with other provisions of organic law. State v. Johns, 92 Fla. 187, 109 So. 228; MacGuyer v. City of Tampa, 89 Fla. 138, 103 So. 418.

The statutes of the State authorize municipal corporations to engage in the business of furnishing electricity and gas to their inhabitants for business or domestic light, heat, power or other uses, for compensation paid to the municipalities. There are also private corporations that are likewise engaged in furnishing electricity and gas.

Chapter 15658, Acts of 1931, is entitled "an Act imposing a tax upon all corporations, firms and individuals receiving payment for electricity for light, heat or power, and for natural or manufactured gas for light, heat or power" etc. Section 1 of the act provides that "all corporations, firms or individuals, including municipalities, receiving payment for electricity for light, heat or power and for natural or manufactured gas for light, heat or power * * annually report to the Comptroller of the State the total amount of gross receipts derived from business done in this

State" and "shall pay into the treasury of the State the sum of one dollar and fifty cents upon each one hundred dollars of such gross receipts."

A municipality is a corporation, and if a municipality is "receiving payment for electricity for light," etc., it is included in the words, "all corporations * * receiving payment for electricity for light" etc., as used in the title of the Act, therefore the title is sufficiently comprehensive to include municipal corporations receiving payment for electricity for light, etc. The title "briefly" expresses the single subject of legislative regulation that is embraced in the provisions of the Act; and the title expresses the subject in language that is reasonably plain and adequate to put every one upon notice that "all corporations * * receiving payment for electricity" etc., were included in the provisions of the Act; and the title is not misleading as to the subject regulated. "Matter properly connected" with the subject expressed in the title may be included in the Act though not expressed in the title.

The words, "including municipalities," appear in the first section of the Act, which expressly and specifically shows a legislative intent that the language, "all corporations * receiving payment for electricity for light" etc., shall include all municipal corporations that are "receiving payment for electricity for light" etc. Wherever the word, "corporation," is used in subsequent sections of the Act, it by necessary intendment includes every municipal corporation which is engaged in the business that is taxed; and the word, "company," as used in the Act has reference to any and all corporations that are included in the provisions of the Act. The Act is not inoperative as to municipal corporations for indefiniteness or ambiguity.

Chapter 6521, Acts of 1913, defined "the liability of persons, firms and corporations engaged in certain hazardous occupations," and it was held that the word, "corpora-

tions," as used in the title and body of the Act included municipal corporations engaged in the hazardous occupation of "generating and selling electricity," one of the occupations named in the Act, though municipalities were not mentioned in the title or in the body of the Act. City of Sebring v. Avant, 95 Fla. 961, 117 So. 383.

In Tyler v. Akerman, 85 Fla. 485, 96 So. 838, the statute authorized a writ of garnishment to subject any indebtedness due to a defendant "by a third person," and it was in accordance with the general rule held that the words "a third person" as used did not include a municipality.

The tax imposed by the statute is a license or excise tax upon *all* corporations, firms and individuals * receiving payment for electricity for light, etc., the amount of the tax to be determined by reference to a stated percentage of the "gross receipts derived from" the stated intrastate business occupations, which occupations are subject to license taxes. See Pullman Co. vs. Knott, Comptroller, 70 Fla. 9, 69 So. 703; Afro-American Ind. & Benefit Ass'n. v. State, 51 Fla. 85, 54 So. 383; Orange State Oil Co. v. Amos, 100 Fla. 884, 130 So. 707. It is in no sense a "tax upon the income of residents or citizens of this State" within the terms or the intent of section 11, Article IX, adopted in 1924 as a part of the constitution of Florida. See Educational Films Corp. v. Ward, 282, U. S. 379. See also Pullman Co. vs. Knott, 235 U. S. 23. The tax is on the corporation, firm or individual for the privilege of engaging in the business or occupation of selling electricity, etc., and not upon money received for sales, though the excise is measured by reference to gross receipts from such sales. It is imposed without reference to profits or net income. It is not directly or indirectly levied upon any property, but is imposed directly and exclusively upon the business transactions of selling electricity, etc. The tax is not upon earnings but upon the occupation or business of

selling measured by reference to gross receipts from sales. The furnishing by a municipal corporation of electricity or gas to private parties or for non-governmental use, is not a governmental function but a corporate business or occupation engaged in by virtue of a statutory privilege right granted for that purpose, for the conduct of which business or occupation a license or excise tax may be imposed upon the municipal corporation without violating section 1, Article IX, or section 16, Article XVI of the State constitution. The tax imposed is upon "all corporations, firms, or individuals receiving payment for electricity for light," etc., and the law does not require the tax to be specifically collected by the selling corporation from the purchaser of the electricity, etc., as does the Federal Revenue Act of 1932. While the organic law intends that the governmental functions and property of municipalities shall not be taxed, the constitution does not exempt the authorized corporate business occupations or proprietary activities of municipal corporations from taxation. The constitution exempts from taxation not municipal corporations but property that is held and used exclusively for municipal purposes. Section 16, Article XVI. See City of West Palm Beach v. Amos, 100 Fla. 891, 130 So. 710.

When a State or its subdivisions or municipalities engage in business occupations, they are subject to Federal Excise taxation as to such business projects. See South Carolina v. United States, 199 U. S. 437, 4 Ann. Cases 737; Blair v. Byers, 35 Fed. (2nd) 326.

Section 16, Article XVI, constitution, relates to taxes upon property held and used exclusively for municipal purposes, and not to license or excise taxes. City of West Palm Beach v. Amos, 100 Fla. 891, 130 So. 710. Section 1, Article IX, constitution, also relates to property taxation and requires the exemption, if any, for municipal purposes to be made "by law." See section 897 (697) C. G. L.

The tax here considered is a license or excise tax on the corporations for the exercise by them of the granted statutory privilege of doing the business of selling electricity, etc., the amount of the excise tax to be determined or measured by reference to a given percentage of the "gross receipts derived from business done in this State" by "all corporations * * * * * * * * * * * * * * including municipalities," etc., and the tax is upon the corporation for engaging in the corporate business, not for the exercise of governmental functions of municipalities. See Flint v. Stone Tracy Co., 220 U. S. 107.

From the opinion of the chancellor, Hon. E. C. Love, in rendering the decree dismissing the bill of complaint, the following is taken:

"It is contended that the standard by which the tax is measured, that is, that the requirement that the corporations subject to the tax "shall pay into the Treasury of the State the sum of One Dollar and Fifty Cents upon each One Hundred Dollars of such gross receipts' renders said tax a property or advalorem tax, even if it be not an income tax. A number of authorities from other jurisdictions have been invoked to uphold this contention; but this court is of the opinion that the contention of the complainants cannot be sustained, because of the settled policy of this State as formulated and announced in the opinions of the Supreme Court of the State. In the case of Pullman Company vs. Knott, as Comptroller, a similar tax was considered by the court, as reported in 69 So. 703; 70 Fla. Rep. 9. In that case it was contended that the tax of $1.50 on each $100.00 of the gross receipts imposed upon Pullman and parlor car companies violated the taxation and due process provisions of the State and Federal Constitutions; but the Supreme Court held that such tax was in the nature of an occupational privilege or license tax, and could be constitutionally imposed. The principles announced in that case, would seem to be directly applicable to, and controlling in the case at bar. See also Afro-American Industrial & Benefit Assn. vs. State, 61 Fla. 85;

Johnson vs. Armour, 31 Fla. 413. This court therefore decides and holds that the tax under consideration is a license or excise tax, one that the Legislature had the power to impose and which is a valid and constitutional tax upon municipal and other corporations.

It is further contended that the act is invalid in that its title is misleading and in violation of Section 15, Article 3 of the Constitution. The title to the Act in part, is as follows: 'An Act imposing a tax upon all Corporations, firms,' etc. Where the title of an Act expresses its subject with sufficient certainty to give reasonable notice of the matters dealt with by the act, and of its scope and reasonably leads to inquiry as to its contents, though not an index to the act, it is sufficient. Lainhart vs. Catts, 73 Fla. 735. But it is urged that because the tax imposed by the Act in question constitutes such a departure from past policies of the State in imposing a tax upon municipalities, that the use of the word "Corporation' in the title of the act is misleading and does not reasonably give notice that the body of the act imposed a tax upon municipal corporations. However plausible such reasoning may be, and however well founded such criticism may also be, while the Act is before the Legislature and in the making, it is not of sufficient force as to strike down such act when being considered by the courts. The word 'Corporation' in the title of the act is sufficiently broad and comprehensive as to include all manner of corporations, public or private, commercial or municipal, and therefore, gives reasonable notice that municipal corporations may be dealt with in the body of the act and reasonably leads to inquiry as to the subjects dealt with in the act.

That a license tax may be imposed by the Legislature upon municipalities when acting within their proprietary corporate capacity, as distinguished from their governmental capacity, seems to be clear. As it appears that the several complainants are operating and maintaining a public utility as more or less of a business venture, they are, in such capacity, governed by and subject to the same laws as a private corporation engaged in a similar undertaking. Hamler vs. City of Jacksonville,

122 So. 220, City of West Palm Beach vs. Amos, as State Comptroller, 130 So. 710."

Affirmed.

BUFORD, C.J. AND ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.