377 So.2d 658 (1979)
Joseph A. CAPELLA, Appellant,
v.
CITY OF GAINESVILLE, Etc., et al., Appellees.
No. 55986.
Supreme Court of Florida.
November 15, 1979.
Kenneth E. Brooten, Jr. and Jay Fleisher, Law Offices of Kenneth E. Brooten, Jr., Gainesville, for appellant.
J.T. Frankenberger, City Atty. and George H. Nickerson, Jr., County Atty., Gainesville, for appellees.
*659 Ralph A. Marsicano, General Counsel, Tampa, and Claude L. Mullis, Staff Atty., Tallahassee, for Florida League of Cities, Inc., amicus curiae.
ALDERMAN, Justice.
By direct appeal, the plaintiff in the trial court, Joseph A. Capella, seeks reversal of the final order of the Circuit Court of Alachua County, upholding the constitutionality of chapter 77-557, Laws of Florida (1977), and granting summary judgment in favor of the defendants, City of Gainesville and Gainesville Corporate Limits Council, in a suit protesting annexation of certain land to the City of Gainesville. We affirm the decision of the trial court.
An annexation referendum was held by the City of Gainesville in November 1976, pursuant to the provisions of chapter 76-378, Laws of Florida (1976). The proposed annexation was defeated. Then in 1977, the legislature enacted chapter 77-557, Laws of Florida (1977), which created the Gainesville Corporate Limits Council and defined its authority and responsibility to make studies, to hold public hearings, and to make recommendations to the City of Gainesville on the enlargement of the City's corporate limits. The act authorizes the Council to recommend annexation of land contiguous to the City's corporate limits upon a majority vote of its five city commission members and a majority vote of its five county commission members. The act further provides that upon such recommendation and upon approval of a majority of the qualified electors participating in a referendum, the city commission may enlarge the City's limits to include such additional land. Those qualified to participate in the referendum are the electors residing in the area to be annexed, together with the electors residing within the corporate limits of the City. The lands sought to be annexed must meet all the standards specified in section 171.043, Florida Statutes (Supp. 1976). Chapter 77-557 also states that all laws or parts of laws in conflict with it are superseded to the extent of the conflict.
The Gainesville Corporate Limits Council, on March 21, 1978, by resolution, recommended that certain described land be annexed. The land described was a part of that which previously had been included in the November 2, 1976, annexation referendum and included Capella's residence. On April 17, 1978, pursuant to this resolution, the City of Gainesville adopted an ordinance, extending the corporate limits to include the contiguous lands described in the resolution. This ordinance was to be effective if a majority of those voting in the election called on the question of extending the corporate limits on May 2, 1978, voted in favor of such extension. At this election, a majority of the qualified electors participating approved the annexation.
Capella claims that the effect of the ordinance was to subject a portion of the area previously the object of the November 1976, annexation referendum to a second annexation referendum within a two-year period in violation of section 171.0413(2)(e), Florida Statutes (1977). The City and Council respond that this section does not apply because it was superseded by chapter 77-557 and additionally because the language of that statute does not encompass the particular facts of this controversy. We hold that section 171.0413(2)(e) has not been superseded by chapter 77-557 since a reading of the special act in conjunction with the general act reveals no inconsistency, but we do find that the two-year requirement of section 171.0413(2)(e) does not apply in this case.
Section 171.0413(2)(e) provides:
If there is a separate majority vote for annexation in the annexing municipality and in the area proposed to be annexed, the ordinance of annexation shall become effective on the effective date specified therein. If there is a majority vote against annexation in either the annexing municipality or in the area proposed to be annexed, or in both, the ordinance shall not become effective, and the area proposed to be annexed shall not be the subject of an annexation ordinance by the annexing municipality for a period of 2 years from the date of the referendum on annexation. (Emphasis added.)
*660 Its predecessor, section 171.0415(9), Florida Statutes (Supp. 1974), provided:
A majority vote "Against annexation" shall prevent any part of the area proposed for annexation from being the subject of an annexation ordinance by the same municipality for a period of 2 years from the date of the referendum election. (Emphasis added.)
We find significant the difference in language between section 171.0413(2)(e), Florida Statutes (1977), and section 171.0415(9), Florida Statutes (Supp. 1974). The predecessor statute proscribed "any part of the area proposed for annexation" from being the subject of an annexation ordinance within two years and had a much broader scope than the present statute which only proscribes "the area proposed to be annexed."
When the legislature amends a statute by omitting words, we presume it intends the statute to have a different meaning than that accorded it before the amendment. Carlisle v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977); Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968). Accordingly, we agree with the trial court that the change in language is indicative of the legislature's intent to change the meaning of this statutory provision to proscribe only the attempt to annex the identical area of property described in a previous annexation ordinance defeated within a period of two years. In the present case, the City sought to annex only "a part of the area" originally proposed for annexation, not the identical area.
Capella suggests that this construction of section 171.0413(2)(e) permits a municipality to enact repeated annexation ordinances within two years from the defeat of the first by simply adding or subtracting one block from the legal description contained in each successive annexation attempt. This may be true, but it is not our function to review the wisdom of this legislative enactment. We may not substitute our views of what the law should be for the legislature's pronouncement of the law. Capella's challenge to the wisdom of the statute should be addressed to the legislature. We cannot say that the legislature, when it amended section 171.0415(9), Florida Statutes (Supp. 1974), by deleting the words "any part," did not intend to allow the annexation of a portion of the area previously proposed for annexation within a two-year period. In re Blankenship's Estate, 122 So.2d 466, 469 (Fla. 1960).
Capella next contends that since chapter 77-557 does not specifically authorize the City's enactment of an annexation ordinance, the City exceeded its authority and the ordinance it enacted is unconstitutional. This contention is without merit. Upon recommendation of the Council for enlargement of the corporate limits of the City and upon approval of a majority of those qualified electors participating in a referendum, the City was authorized by chapter 77-557 to enlarge the corporate limits of the City to include such additional lands. The City chose to implement the annexation recommendation of the Council by enacting Ordinance No. 2301, which was in full conformity with chapter 77-557. We hold that the City had the authority to enact this ordinance which merely implemented the provisions of chapter 77-557. See section 166.031(1), Florida Statutes (1977).
Having concluded that section 171.0413(2)(e) does not preclude the annexation and that the ordinance is valid, we now consider the constitutional challenge to chapter 77-557.[1] Capella asserts that although the majority of qualified electors in the area proposed to be annexed voted *661 against annexation, the annexation was still approved because a majority of all those voting in the referendum voted in favor of annexation. He argues that chapter 77-557 violates the equal protection clause of the Florida and federal constitutions because it allows the voting power of those residing in the area to be annexed to be debased and diluted where the voters in the area to be annexed are substantially fewer in number than those residing within the City's corporate limits. This argument was properly rejected by the trial court.
In City of Long Beach Resort v. Collins, 261 So.2d 498 (Fla. 1972), a legislative enactment providing for the merger of several cities along the western Gulf resort area of Panama City was challenged on the basis that it denied equal protection under the Florida and federal constitutions in not allowing residents within these municipalities to vote on the proposed merger or consolidation while the residents of the surrounding unincorporated areas were permitted to vote on the issue. We held that there was no constitutional infirmity in the act and said:
This was the prerogative of the Legislature which has life and death powers over municipalities which are created, modified and can be abolished by the Legislature. Saunders v. City of Jacksonville, 157 Fla. 240, 25 So.2d 648 (Fla. 1946); State ex rel. Landis v. Town of Lake Placid, 117 Fla. 874, 158 So. 497 (1935); State v. Town of Boynton Beach, 116 Fla. 534, 156 So. 539 (1934); Smith v. Treadwell, 161 So.2d 49 (1st DCA Fla. 1964).
There is no doubt of the Legislature's power to annex territory to an existing municipality. MacGuyer v. City of Tampa, 89 Fla. 138, 103 So. 418 (1925).

Town of San Mateo City v. State, 117 Fla. 546, 158 So. 112 (1935), upheld a statute which submitted a referendum vote to freeholders only. The Legislature may make its acts effective upon the happening of a contingency, which includes the approval of the affected citizens or a class of the affected citizens. San Mateo, supra, and State ex rel. Cheyney v. Sammons, 62 Fla. 303, 57 So. 196 (1911).
261 So.2d at 500-501. There is no absolute right to vote on proposed alteration of municipal boundaries. North Ridge General Hospital, Inc. v. City of Oakland Park, 374 So.2d 461 (Fla. 1979); Sailors v. Board of Education, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967); Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907). The legislature can cause annexation to occur with or without any vote or by a single majority vote of all those affected. In the present case each affected qualified elector was afforded the right to vote, and, in addition, those residing in the area to be annexed had the initial protection of a majority vote of the five county commission members of the council, which was a prerequisite to the Council's recommendation to the City that certain lands be annexed.
Accordingly, having found that chapter 77-557 is constitutional, that section 171.0413(2)(e) is not applicable, and that the ordinance and referendum were valid, we affirm the judgment of the trial court.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
SUNDBERG, J., concurs in result only.
NOTES
[1] Section 5, chapter 77-557, Laws of Florida (1977), provides:

Upon recommendation for enlargement of the corporate limits of the City of Gainesville, as set forth above, the city commission may, upon approval of a majority of those qualified electors participating in a referendum, enlarge the corporate limits of the City of Gainesville to include such additional lands within the City. The participants in such referendum shall include those qualified electors residing in the area to be annexed, together with those qualified electors residing within the corporate limits of the city.