DOWNEY, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.160(e), the County Court of Indian River County has certified to this court as a question of great public importance the following question:
Does Fla.Stat. 316.193(6)(c), as amended, require the imposition of a 30 day minimum mandatory period of jail incarceration when the second conviction is within five (5) years of the third conviction but the first conviction is not within five years of the third?
We exercise our discretion to accept jurisdiction to consider said question and, having considered same, answer the question in the affirmative.
On July 29, 1987, appellant was sentenced in the County Court of Indian River County to pay a fine of $1,000 plus court costs, as well as incarceration in the county jail for a period of forty-five days with a thirty-day mandatory minimum for a conviction of driving under the influence in violation of section 316.193, Florida Statutes (1987). The mandatory minimum provisions of said statute were invoked because appellant had two prior convictions of driving under the influence, one in 1977, and one in 1983.
It is appellant’s contention that the mandatory minimum provision of section 316.-193(6)(c) may be invoked only if all three of the requisite convictions occur within a period of five years of each other. The trial judge rejected that interpretation and we believe rightly so.
Section 316.193(6) provides:
(a) For the first conviction thereof, the court shall place the defendant on probation for a period not to exceed 1 year....
(b) For the second conviction within a period of 3 years from the date of a prior conviction for violation of this section, the court shall order imprisonment for not less than 10 days.
(c) For the third conviction within a period of 5 years from the date of a prior conviction for violation of this section, the court shall order imprisonment for not less than 30 days.
Subsection (c) requires that the third conviction must occur “within a period of 5 years from the date of a prior conviction.” As we view the matter, that clearly means the third conviction must occur at least within five years of the second conviction but does not have to occur within five years of the first- of the three convictions. That the legislature did not intend to require the first and last convictions within the five-year period is demonstrated by a *422 review of the legislative history of the statute. As noted by appellee, in 1981 the statute read as follows:
(c) For a third or subsequent conviction within a period of 5 years from the date of conviction of the first of three or more convictions for violations of this section....
Thus, in 1981 the legislature clearly stated that the third DUI conviction must have occurred within five years of “the first of three or more convictions.” When the statute was amended to its present form this language was deleted from the statute. It is well-settled that when the legislature amends a statute by omitting words it is presumed that the legislature intended the statute to have a different meaning than that accorded it before the amendment. Capella v. City of Gainsville, 377 So.2d 658, 660 (Fla.1979); Seddon v. Harpster, 403 So.2d 409, 411 (Fla.1981). Accordingly, had the legislature intended to impose a mandatory penalty only when a third conviction occurred within five years of a first conviction it would not have deleted those words in its amendment. For a further enlightened explication of the proper construction of this statute, see County Judge Steven Shutter’s opinion in State v. Oxios, 11 Fla.Supp.2d 51 (Fla. Broward Cty Ct. 1985).
Accordingly, the certified question presented must be answered affirmatively.
GLICKSTEIN and DELL, JJ., concur.