BASKIN, Judge
(dissenting).
I dissent for several reasons. Unlike the majority, I find that appellants’ complaint states a cause of action.
Appellants are entitled to advance their cause. The first reason supporting appellants’ right to pursue their complaint derives from well-established law. When municipalities are incorporated, they are imbued with authority to perform both governmental and proprietary functions. City of Lakeland v. Amos, 106 Fla. 873, 143 So. 744 (1932).
The governmental functions and the corporate business activities of a municipal corporation are quite different; and each class of such charter powers may be regulated by distinct principles and provisions of law. In general, when a municipality exercises a corporate authority to engage in a permissible business or occupation, as distinguished from the performance of an authorized governmental function, the regulations that are by law applicable to such business activities or occupations when engaged in by private corporations may be made applicable to municipal corporations, when under appropriate authority they engage in such occupations or business activities.
Amos, 106 Fla. at 875-76, 143 So. at 746. When, as here, a municipality provides water services, it performs a proprietary function and is “governed by the same laws and may exercise the same rights as a private corporation engaged in a similar undertaking.” City of Winter Park v. Montesi, 448 So.2d 1242, 1245 (Fla. 5th DCA), review denied, 456 So.2d 1182 (Fla.1984); see also Amos; Hamler v. City of Jacksonville, 97 Fla. 807, 122 So. 220 (Fla.1929); Edris v. Sebring Utilities Comm’n, 237 So.2d 585 (Fla. 2d DCA), cert. denied, 240 So.2d 643 (Fla.1970). Appellants are entitled to present their theory for recovery, namely, that the municipality, similar to other proprietary concerns, must pay interest on monies it holds. The trial court erred in denying their claims as a matter of law.
The next reason supporting appellants’ complaint is that the necessary parties have been joined, and neither the trial court nor this court should require other parties. The Metropolitan Dade County Water & Sewer Board [Board] is not an indispensable party'. The North Miami Beach Code determines the deposit schedule for water and sewer accounts within the city, North Miami Beach Code, §§ 23-02, -04; the Board merely exercises “the power and authority to regulate and supervise each public utility.” Code of Metropolitan Dade County, § 32-15. According to the North Miami Beach Code, an application for water supply service becomes a binding contract *1201 between the owner of the premises and the city once the connections for the water supply service have been installed. North Miami Beach Code, §§ 28-03. Because the contract is between the owner of the premises and the city, the city is the proper party to be sued in a dispute deriving from contractual rights, and the Board is not indispensable to such an action. W.R. Cooper, Inc. v. City of Miami Beach, 512 So.2d 324 (Fla. 3d DCA 1987).
The condominium in which Spierer resides is not an indispensable party to this action. Section 718.111(3), Florida Statutes (Supp.1986), does not preclude a condominium unit owner from instituting a class action on behalf of other unit owners of the condominium who are similarly situated. Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081 (Fla. 4th DCA 1976); see Breslerman v. Dorten, Inc., 362 So.2d 37 (Fla. 3d DCA 1978).[1] Furthermore, the individual unit owners are the only proper parties to bring suit. Section 718.111(3), Florida Statutes (Supp.1986), provides that the condominium association may institute actions in “matters of common interest.” The individual water deposits for the separate condominium units do not present matters of common interest; each deposit is assessed according to the size of the individual water meter and, consequently, varies with the size of the condominium unit. North Miami Beach Code § 23-04. Although the unit owners share a general dissatisfaction with the failure of the city to pay interest on the deposits, such general dissatisfaction does not afford the condominium association the legal grounds required for it to pursue a claim pursuant to section 718.111(3). Bonavista Condominium Assoc. v. Bystrom, 520 So.2d 84, 86 (Fla. 3d DCA 1988). It is the unit owners who would be the recipients of accrued interest on their funds. They are therefore the only necessary parties and the condominium association should not be joined. Accordingly, I would reverse the order of dismissal and remand for further proceedings.

. Bermudez v. Bermudez, 421 So.2d 666 (Fla. 3d DCA 1982), cited by the majority, at p. 1200, lends no support for the proposition that the condominium is indispensable; that case does not pertain to condominiums, which derive their existence solely from statute.