STATE *ex rel.* H. R. P. MILLER v. J. PHILIP DOSS, as Tax Assessor of Lake County.

192 So. 870

Division B

Opinion Filed January 2, 1940

*Paty, Warwick & Mooney,* for Plaintiff in Error;
*Duncan, Hamlin & Duncan,* for Defendant in Error.

PER CURIAM.—The record here discloses that on March 27, 1939, the relator filed in the Circuit Court of Lake County, Florida, his petition for an alternative writ of mandamus directed to the respondent as Tax Assessor of Lake County, Florida, and an alternative writ of mandamus immediately issued.

The alternative writ alleged: (a) that the relator was owner of real and personal property situated in Lake County, Florida, subject to assessment and levy of taxes for State and County purposes; (b) that the Lake County Medical Center, Inc., a corporation, on January 1, 1938, and on January 1, 1939, was the owner of designated real property, with improvements thereon, subject to the assessment and collection of taxes for State and county purposes under the law and it was the official duty of the respondent to assess the property for taxation, but this the respondent failed or omitted to do as the said property was treated or considered by the respondent as being exempt from taxation under the provisions of Chapter 18312, Laws of Florida, Acts of 1937; (c) that Chapter 18312, *supra,* insofar as it purports to exempt property from taxation owned by corporations not used exclusively for religious, scientific, municial, educational, literary, or charitable purposes is in conflict with and violates Section 16 of Article XVI of the Constitution of Florida; (d) that the property *supra, was not used exclusively* for religious, scientific, municipal, educational literary or charitable purposes; (e) that the real estate, together with the improvements thereon, owned by the said corporation is not exempt from taxation but that it is the

lawful duty of the respondent to assess the same as required by the laws of Florida. Other allegations appear in the alternative writ but a recital thereof is not necessary to a disposition of this case.

The respondent filed a motion to quash the alternative writ on a number of grounds unnecessary to set forth, and a motion for compulsory amendment directed to paragraph 4 or the alternative writ, and a motion to strike paragraph 3 thereof. The motion to quash the alternative writ was sustained by the lower court and the case dismissed. From this adverse ruling an appeal has been perfected to this Court and the same is here for review.

Counsel for the respective parties have posed several questions to be decided by this Court: (a) Can the relator fix upon the respondent, as a ministerial officer, the responsibility of determining the constitutionality of Chapter 18312, *supra;* (b) can the court in a mandamus proceeding be required to pass upon the constitutionality of Chapter 18312, *supra,* on the showing made by the relator; (c) is not the alternative writ of mandamus fatally defective in merely alleging certain acts set up therein with reference to the use of the property? (d) other questions not necessary to recite are also presented for a decision.

It is academic in mandamus proceedings that a motion to quash the alternative writ for the purpose of a hearing admits as true all facts appearing therein well pleaded. It is essential that the alternative writ should show a clear, *prima facie* case in favor of the relator. See State v. Jacksonville Terminal Co., 71 Fla. 295, 71 So. 474; State *ex rel.* Baldwin v. Brockett, 95 Fla. 937, 117 So. 107.

The alternative writ shows that the relator is a taxpayer and the owner of property located in Lake County, Florida, subject to taxation and the property described in the alter-

native writ was omitted from the tax roll for assessment purposes, and shows or makes clear that the relator has a pecuniary interest in causing to be placed upon the tax roll of Lake County all property subject to taxation. If an official omits or fails to perform a plain official duty, then a writ of mandamus is the proper remedy to compel a performance thereof. See State *ex rel.* Dofnas Corp. v. Lehman, 100 Fla. 1401, 131 So. 333; State *ex rel.* Board of Comm'rs v. Helseth, 104 Fla. 208, 140 So. 655; State *ex rel.* Howarth v. Jordan, 105 Fla. 322, 140 So. 908.

It has been made to appear by appropriate allegations in the alternative writ of mandamus here sought to be quashed that the property of the Lake County Medical Center, Inc., a corporation, *is not being used exclusively* for religious, scientific, educational, literary, or charitable purposes so as to exempt the property of said corporation from taxation under the provisions of Section 16 of Article XVI of the Constitution of Florida.

It is the law of Florida that the application of a statute in a particular case may violate organic law, but the statute as framed may not be unconstitutional when properly applied. See Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 So. 282.

We do not think it material on this record at this time to rule on the constitutoinality of Chapter 18312, Laws of Florida, Acts of 1937, but the testimony should be taken and the law properly applied to the facts then appearing in the record.

The judgment appealed from is hereby reversed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.