STATE *ex rel.* CLINTON BURBRIDGE, *et al.,* v. ALBERT H. ST. JOHN, Tax Assessor.

197 So. 131
En Banc
Opinion Filed June 28, 1940

*J. T. G. Crawford* and *Philip S. May,* for Plaintiff in Error;

*Cockrell & Cockrell,* for Defendant in Error.

BROWN, J.—The petition for writ of mandamus filed by relators in this cause, and the alternative writ which followed it, alleged in substance that the several relators were owners of real estate in Duval County with dwelling houses located thereon from which the relators derived rental income and upon which they pay state and county and other taxes assessed against the same. That the legal title to certain described property in said county is vested in the Housing Authority of Jacksonville, Florida, and that said Housing Authority is a "body corporate and politic" under the laws of the State of Florida. That the respondent tax assessor had completed the tax roll for the year 1939 and had entered the real property of said Housing Authority on said roll and had marked the same as exempt from all taxes as-

sessed by him for said year. That said land so exempted has been and is being improved by the erection thereon of dwelling houses at a cost of one million dollars, which houses are to be rented to tenants who will be required to pay the reasonable rent value thereof to said Housing Authority in direct competition with the realtors and other citizens and tax payers of Duval County owning residential property for investment.

It is further alleged that the respondent claims that it was and is his duty to exempt said property from taxes solely because of the enactment of Chapter 17983, Laws of Florida of 1937, entitled "An Act providing that the property and debentures of Housing Authorities shall be exempt from taxation and assessment," etc.

Then relators proceed to charge that said Act above referred to, insofar as it proposes to exempt said described real estate from taxation, is unconstitutional and void because (a) it is not used exclusively for religious, scientific, municipal, educational, literary or charitable purposes within the meaning of Section 1 of Article IX of Section 16 of Article XVI of the Constitution of Florida. And (b) that said Act violates the constitutional requirement that the Legislature shall provide for a uniform and equal rate of taxation, as well as other grounds not here necessary to mention.

It is also alleged that Chapter 17981 of the Laws of Florida under which the Housing Authority of Jacksonville was organized is unconstitutional for several reasons therein set forth.

The command of the alternative writ is that the respondent enter upon the tax roll of Duval County for the year 1939 and subsequent years the land herein particularly described, and do enter against said land all taxes and

assessments that are entered against the lands of relators and other lands in said county similarly situated.

The alternative writ was issued on August 1, 1939, and on September 2, 1939, the respondent's return to the same was filed, in which none of the allegations of fact contained in the petition and alternative writ are denied, but the respondent tax assessor alleges that the Housing Authority of Jacksonville, Florida, was created and exists under and by virtue of Chapter 17981, Acts of 1937, and that in the extension on said tax rolls, after identifying said real estate, respondent had added the words: "Housing Authority of Jacksonville, Florida, exempt under Chapter 17983;" that said preliminary tax rolls had been submitted to the Board of County Commissioners when said alternative writ issued and had been returned to the tax assessor with said board's approval and are now in the custody of the respondent.

Respondent tax assessor also stated in his answer that he is advised and believes that said property of said Housing Authority is and will remain tax exempt pursuant to said Florida legislation and the opinion of the Supreme Court in the case of Marvin v. Housing Authority of Jacksonville, published in 1938, and that respondent's duty as a county officer has been and is being complied with in acting officially as he did.

The relators on September 15, 1939, moved the court to enter a peremptory writ notwithstanding said return, and on November 8 the Circuit Court made an order denying said motion, and an amendment to said order was entered on November 16, 1939, in which later order the former order was followed and the cause was dismissed.

When the constitutionality of a statute is in general terms sustained as a whole, as against the stated grounds of illegality, as in Marvin v. Housing Authority, 133 Fla. 590,

183 So. 145, the validity of particular provisions of the statute, which were not directly involved, may thereafter be challenged on appropriate grounds; also the legality of the *application* of any portion or all of the statute to the facts of the particular case may be appropriately challenged in due course of litigation, unless the prior adjudication as to such parts of the statute, or as to the application of any portion thereof, have become *res adjudicata.*

There is no contention here by the respondent that said real estate owned by the Housing Authority is used for religious, scientific, educational, literary or charitable purposes. The only contention of the respondent is that said property is used exclusively for a municipal purpose. This contention the relators, plaintiffs in error here, deny. The allegation of the alternative writ that the land is being improved by the erection thereon of dwelling houses which are to be rented to tenants who will be required to pay a reasonable rental value therefor to the Housing Authority of Jacksonville, is not denied by the respondent's return, and relators contend that the facts thus admitted show plainly that this is not a municipal purpose. This contention of the plaintiffs in error, if well founded, would require us to hold that Chapter 17983, Laws of 1937, which exempts the property of Housing Authorities created by Chapter 17981 of the Laws of 1938, from all taxation, is in conflict with Section 1 of Article IX, and Section 16 of Article XVI of the Constitution. The question here involved then is this: Under the facts alleged and admitted in this case, is the land described in the pleadings held and used by the Jacksonville Housing Authority, a corporation, exclusively for municipal purposes?

The Act under which the Housing Authority of Jacksonville was created, above referred to, Chapter 17981, states that the clearance, replanning and reconstruction of

areas in which insanitary or unsafe housing conditions exist and the providing of safe and sanitary accommodations for persons of low income, are "exclusively public purposes," for which private property may be acquired and are "governmental functions of public concern." There is no declaration in this Act that housing projects are for *municipal* purposes.

Chapter 17983, Acts of 1937, provides that the property and debentures of housing authorities shall be exempt from all taxes, and states that the property of Housing Authorities is *"exclusively for public uses and municipal purposes,"* and "not for profit," and are governmental functions of State concern.

So here we have a legislative determination that the property of a Housing Authority, such as the one we have here, created under Chapter 17981, and enjoying also the powers and privileges contained in Chapter 17982, Acts of 1937, constitutes a municipal purpose.

Section 1 of Article IX of the Constitution says that: "The Legislature shall provide for a uniform and equal rate of taxation" and "shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes."

Section 5 of Article IX states that the Legislature shall authorize counties and incorporated cities and towns "to assess and impose taxes for county and municipal purposes, and no other purposes."

Section 16 of Article XVI of the Constitution provides that: "The property of all corporations * * * shall be subject to taxation unless such property be held and used ex-

clusively for religious, sceintific, municipal, educational, literary or charitable purposes."

The Legislature may, within reasonable and lawful bounds, determine what is a municipal purpose (Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716), and we have held in several cases that the legislative determination of what constitutes a county purpose or a municipal purpose will not be held in violation of the constitutional provisions above mentioned unless the particular enactment can have no legal or practical relation whatever to any county or municipal purpose.

However, claimed exemptions from taxation must be carefully scrutinized. The general provision of the Constitution (Sec. 1, Art. IX) is that the Legislature shall provide for a uniform and equal rate of taxation and shall prescribe such regulations as shall secure a just valuation of *all* property, except such as may be exempted by law for municipal and other named purposes; and under Section 16, of Article XVI, property of corporations, in order to be exempt from taxation on the ground that it is for a municipal purpose, must be held and used *exclusively* for a municipal purpose or purposes. Thus we have held that property which is used for educational purposes and jointly for other purposes also, is not exempt. Rast v. Hulvey, 77 Fla. 74, 80 So. 756. And property of an educational institution is not exempt where part of it is rented to a tenant, or is used as a residence by the principal. Amos v. Jacksonville Realty Co., 77 Fla. 403, 81 So. 524.

The Housing Authority of the City of Jacksonville created under Chapter 17981 is a corporation vested with broad powers, among them being the one here particularly involved, "to prepare, carry out, acquire, lease and operate housing projects;" and it is also given the usual powers of

a corporation, and the "area of operation" of this particular housing authority includes not only the city of Jacksonville, but also the area within ten miles of the city's territorial boundaries.

Thus there is created in substance and effect a *real* corporation, a separate and distinct corporate entity from that of the municipality, having power to contract with the municipality, and furthermore, a corporation which is *not* a municipality, its prime purposes being the construction and renting of dwellings or housing accommodations to tenants of a low income group for a reasonable rental price, in competition with private citizens.

Nor is the Housing Authority of Jacksonville a mere agency of the City of Jacksonville. If such were the case, then the City of Jacksonville might be liable for the large indebtedness created or to be created by the Housing Authority. But the Act under which it was created did not intend that the Housing Authority should be a mere agency of the city government. A reading of the statute shows this. Not only is the Housing Authority Corporation vested with vast powers, including authority to issue debentures from time to time in its discretion for any of its corporate purposes, but Section 14 of the Act, Chapter 17981, expressly provides that the debentures and other obligations of the Authority shall not be a debt of the City, nor of the State nor any political subdivision thereof. The Housing Authority is given power to pledge either its gross or net revenues, including rents, to secure such debentures, and also to vest in a trustee or trustees of the holders of the debentures the right, in case of default, to take possession and use, operate and manage the housing project or any part thereof.

We have held that, while the organic law intends that the governmental functions and property of *municipalities* shall

not be taxed, the Constitution does not exempt the corporate business or *proprietary activities* of municipalities, such as the generation and sale of electric light and power, from taxation; that the Constitution exempts from taxation, not municipal corporations as such, but property that is held and used exclusively by them for *municipal* purposes. West Palm Beach v. Amos, 100 Fla. 891, 130 So. 710; Lakeland v. Amos, 106 Fla. 873, 143 So. 744-747.

The laudable motives of the exemption, or the beneficial purposes expected to be accomplished by ·it, cannot make any difference. The question is, whether the property of the Housing Authority of Jacksonville is being *held and used exclusively for a municipal purpose*. And the fact that such property of the Housing Authority is not owned by the municipality, the City of Jacksonville, nor controlled by it, is of great significance in determining this question. Certainly it cannot be contended, with any great degree of plausibility, that the Housing Authority itself is a municipality.

In the case of L. Maxcy, Inc., v. Federal Land Bank, 111 Fla. 116, 150 So. 248, this Court said:

"Undoubtedly the Legislature is without power to provide for exempting from taxation any class of property which the Constitution itself makes no provision for exempting. The principle has been more than once affirmed in this State that the Constitution must be construed as a limitation upon the power of the Legislature to provide for the exemption from taxation of any classes of property, except those particularly mentioned classes specified in the organic law itself."

In University Club v. Lanier, 119 Fla. 146, 161 So. 78, we held that the exemption from taxation, allowed in certain instances by the Constitution, is determined by *the use and*

*ownership* of the property, and that it is only property that is held and used exclusively for religious, scientific, educational, literary or charitable purposes which may be exempt from taxation under the Constitution. In that case we held that the property of the University Club, in view of the facts showing that the Club was essentially a social club and that the furnishing of University scholarships was merely incidental, it could not be held to be exempt from taxation, although the club was a corporation not for profit. That the right to exemption is not to be determined altogether by the charter of the institution which owns and uses the property, but it is to be determined by the use to which the property is put and the ownership of the property.

Thus in Jefferson Life Insurance Company v. Wildwood, 118 Fla. 771, 160 So. 208, the Insurance Company owned the property involved, but rented it to a church, which used it exclusively as a place of worship. In answer to the contention for exemption, the court held that the property owned by the Insurance Company was being held for rental purposes and that the Constitution did not intend to exempt from taxation property of a business corporation, although such property might be rented for religious purposes, and that therefore the property in question was not held and used exclusively for religious purposes, and hence not entitled to the exemption claimed.

If this housing project property was owned by the City of Jacksonville, it *might* possibly be contended with more plausibility that it should be held exempt on the ground that it was used for a public purpose. But where, as here, the property is not owned by the City, the title and control of same being vested in the Housing Authority, a distinct entity, the authorities above cited require us to hold that the

property here involved is not exempt from taxation under the quoted provisions of our Constitution. The Constitution expressly designates what property of corporations shall be exempt from taxation and of course the Legislature is not empowered to add to or subtract from the clear and positive provisions of Section 16 of Article XVI of the Constitution.

The cases above cited are not in conflict with those cases which hold that the ownership and operation by a municipality of public libraries, public parks and playgrounds, public golf courses, and swimming pools, the benefits of which are to be enjoyed by the public generally, may constitute a legitimate municipal purpose within the meaning of the Constitution, but here we are dealing with a housing project, not owned or operated by the municipality, which is, or is to be, built and operated by a corporation for the benefit of a particular class, a low-income group to be selected by the corporation—the Housing Authority—and to whom the houses are to be rented as a reasonable rental price as determined by the Housing Authority. So this case must be decided upon the authority of our former decisions, hereinabove cited.

For the reasons above pointed out the judgment of the court below must be reversed and the cause remanded for appropriate proceedings.

Reversed and remanded.

Terrell, C. J., and Thomas, J., concur.

Whitfield, J., concurs specially.

Buford and Chapman, J. J., dissent.

Whitfield, J. (concurring specially.)—Chapter 17983, Acts of 1937, is not unconstitutional on its face but it cannot be so applied as to violate Section 1 of Article IX, or Section 16 of Article XVI, of the Constitution. See Hunter v. Owens, 80 Fla. 812, 86 So. 839.

All statutory specifications or exemptions of property from *ad valorem* taxation are subject to the limitations contained in either Section 1, Article IX, or Section 16, Article XVI, of the Constitution.

Property of the "Housing Authority" may be exempt from taxation only if and when it is shown to be *held and used exclusively for municipal purposes,* or for other purposes expressly stated in the Constitution; and this should be clearly made to appear in allowing exemptions from taxation.

The peremptory writ of mandamus was denied apparently on the ground that Chapter 17983 has been held by this Court to be constitutional, and without considering the unanswered allegations contained in the alternative writ to the effect that the property involved is owned by a "body corporate and politic," and that such property is not exempt from taxation because it is not held and used exclusively for municipal purposes or for any of the other purposes stated in the Constitution. The final order was made November 16, 1939, before the decision of this Court in State *ex rel.* Miller v. Doss, Tax Assessor, 141 Fla. 233, 192 So. 870, and after the time for completing the tax assessments for the year 1939 had expired. The alternative writ covered tax assessments "for the year 1939 and subsequent years," doubtless upon the theory that the tax exemption is wholly unconstitutional.

The law affords a remedy if Chapter 17983 has been unconstitutionally applied in exempting property from taxation. See State *ex rel.* Doss, Tax Assessor, *Supra.*

The Chapter 17983, Acts of 1937, enacts a specific exemption of property from taxation for a stated public municipal purpose; and unless it can be adjudged that, beyond all reasonable doubt, the statute is incapable of ap-

plication consistent with Section 1, Article IX, or with Section 16, Article XVI, of the State Constitution, or that it clearly violates some other provision of the Constitution, the statute should not be adjudged to be invalid; but if any application of the statute conflicts with any provision of the Constitution, the courts may enforce the appropriate remedy by due course of law, in order that the commands and limitations of the Constitution shall be obeyed as the controlling law. See Section 4, Declaration of Rights, Florida Constitution. See also concurring opinion in Higbee v. Housing Authority of Jacksonville, filed this day.

CHAPMAN, J. (dissenting.)—On petition of relator an alternative writ of mandamus issued out of the Circuit Court of Duval County, Florida, commanding the respondent, Albert H. St. John, as Assessor of Taxes for Duval County, Florida, to enter upon the tax roll of Duval County, Florida, for the year 1939, and subsequent years, certain described real estate, the title of which was vested in the Housing Authority of Jacksonville.

The answer of the respondent to the alternative writ admitted that the legal title to the land was vested in the Housing Authority of Jacksonville, which existed under and by virtue of Chapters 17981, 17982 and 17983, Acts of 1937, Laws of Florida, and under Chapter 17983 the land of the Housing Authority of Jacksonville was exempt from taxation and it is not the lawful duty of the respondent to place upon the tax roll for taxation purposes the aforesaid property.

There was a motion for a peremptory writ of mandamus notwithstanding the return or answer of the respondent to the alternative writ. The lower court denied the motion for the peremptory writ under the authority of Marvin v. Housing Authority of Jacksonville, 133 Fla. 590, 183 So.

145, and Lott v. City of Orlando, 142 Fla. 338, 196 So. 313. Writ of error was perfected to this Court and elaborate briefs filed and able argument orally heard at the bar of this Court.

Careful consideration has been given to the transcript and briefs and authorities cited by counsel and I fail to find error in the record. I think the judgment appealed from should be affirmed on the authority of Marvin v. Housing Authority of Jacksonville, *supra*.

BUFORD, J., concurs.