William E. Casady Chairman Broward County Housing Authority Fort Lauderdale
QUESTIONS:
1. Is the Broward County Housing Authority an agency as that term is defined in s. 287.012(1), F. S., therefore making the State Purchasing Law applicable to it?
2. Is the Broward County Housing Authority an agency as that term is defined in s. 287.055(2)(b), F. S., therefore making the Consultants' Competitive Negotiation Act applicable to it?
3. If neither question 1 nor 2 is answered in the affirmative, does Ch. 421, F. S., or any other statute control the awards of contracts or the purchasing of commodities by the Broward County Housing Authority?
SUMMARY:
The Broward County Housing Authority is not a state agency within the purview and for the purposes of the State Purchasing Law, and is not, therefore, required to purchase commodities through competitive bidding. The Broward County Housing Authority is subject to the Consultants' Competitive Negotiation Act and thus required to comply with the act in contracting for the professional services of architects, engineers, or registered land surveyors. No provision in Ch. 421, the Housing Authorities Law, controls the awarding of other contracts or the purchasing of commodities by housing authorities; and, therefore, they are not required to award other contracts or to purchase commodities through competitive bidding.
AS TO QUESTION 1:
The purchasing and competitive bidding requirements set forth in part I of Ch. 287, F. S. (except s. 287.055, F. S., the `Consultants' Competitive Negotiation Act'), apply only to purchases by state agencies. Attorney General Opinion 077-22. Section 287.012 makes this abundantly clear by defining `agency' as `any of the various state officers, departments, boards, commissions, divisions, bureaus, councils, and any other unit or organization, however designated.' (Emphasis supplied). See also
s. 287.032, F. S. (1976 Supp.), as amended by Ch. 77-316, Laws of Florida, which declares that the purpose of the Division of Purchasing of the Department of General Services is `to promote efficiency, economy, and the conservation of energy, and to effect coordination in the purchase of commodities for the state.' (Emphasis supplied.); and s. 287.042(1), F. S., providing that the division has the power and duty to `contract for the purchase, lease or acquisition in any manner of all commodities required by the state government or any of its agencies under competitive bidding . . . .' (Emphasis supplied.) Thus, the important consideration is whether or not a county housing authority is a state agency.
Section 421.27(1), F. S., provides for the creation of county housing authorities and states: `In each county of the state there is hereby created a public body corporate and politic to be known as the `housing authority' of the county. . . .' According to the legislative declaration found at s. 421.02, F. S., the general purpose of a housing authority is to clear, repair, and reconstruct the areas in which unsanitary conditions exist and to provide safe and sanitary housing for persons of low income within the housing authority's area of operation. The area of operation of a county housing authority includes `all of the county for which it is created except that portion of the county which lies within the territorial boundaries of any city as defined in the Housing Authorities Law. . . .' Section 421.27(3). Within the area of its operation, a housing authority is empowered to exercise `the public and essential governmental functions' set forth in Ch. 421, F. S., which include, inter alia, the power of eminent domain, as well as the power to lease and rent dwellings, operate housing projects, and issue debentures. Sections 421.08(2), (3) and 421.14, F. S.
Accordingly, a county housing authority may be considered to be a distinct and independent entity since its prescribed powers are definitely confined to a specific area of less than statewide application. See Bair v. Central and Southern Florida Flood Control Dist., 144 So.2d 188 (Fla. 1962). Moreover, a housing authority is a public corporation or public quasi-corporation created for a definite purpose with only such authority as may be delegated to it by law. See Forbes Pioneer Boatline v. Board of Commissioners of Everglades Drainage Dist., 82 So. 346 (Fla. 1919); see also 81 C.J.S. States s. 141, p. 554. In O'Malley v. Florida Insurance Guaranty Ass'n, 257 So.2d 9, 11 (Fla. 1971), the court listed housing authorities as examples of public corporations in Florida since `they are organized for the benefit of the public.' See also State ex rel. Burbridge v. St. John,197 So. 131, 134 (Fla. 1942), in which the court stated that a municipal housing authority was `a real corporation, a separate and distinct corporate entity from that of the municipality,' and not a `mere agency of the municipality.'
This office has on several occasions considered whether or not entities created by the Legislature as public corporations are within the purview of the State Purchasing Law. In AGO 072-210, I concluded that the Central and Southern Florida Flood Control District, which was specifically designated in its enabling legislation as a public corporation, was not a state agency within the meaning of s. 287.26, F.S. Furthermore, in AGO 075-26, I ruled that the Sarasota-Manatee Airport Authority created by Ch. 31263, 1955, Laws of Florida, as a `body politic and corporate' for the purpose of acquiring and maintaining airport facilities on behalf of four participating political subdivisions, served `primarily a local rather than a state purpose' and was not a state agency within the purview of the law.
Application of the foregoing Attorney General Opinions to your inquiry leads me to conclude that a county housing authority is not a state agency for purposes of the State Purchasing Law. However, a county housing authority is a `local public agency' within the purview of the State Purchasing Law and, therefore, is authorized but not required to purchase under purchasing agreements and contracts negotiated and executed by the Division of Purchasing. See AGO 075-56.
AS TO QUESTION 2:
The Consultants' Competitive Negotiation Act (hereafter CCNA) applies to any agency (subject to the act) with the power or duty to contract for professional services as set forth in s. 287.055, F. S., (architecture, professional engineering, landscape architecture, or registered land surveying). A housing authority is empowered to `prepare, carry out, acquire, lease and operate housing projects; to provide for the construction, reconstruction, alteration or repair of any housing project, or any part thereof' and `to arrange or contract for the furnishing by any person or agency, public or private, of services, privileges, works, or facilities for, or in connection with a housing project. . . .' Section 421.08(2), (3), F. S. Clearly, therefore, a housing authority is authorized to contract for those professional services contemplated by the CCNA; the remaining consideration is whether a housing authority is an `agency' for purposes of the act.
Section 287.055(2), F. S., defines `agency' to mean `the state or a state agency, municipality, or political subdivision, a school district or a school board.' (Emphasis supplied.) Section 1.01(9), F. S., provides that, where the context of the statute will permit, the words `public body,' `body politic,' or `political subdivision' include `counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts and all other districts in this state.' (Emphasis supplied.)
This office has stated on several occasions that special districts are `political subdivisions' within the purview of the CCNA. See
AGO's 074-89 and 077-22. Furthermore, in AGO 074-308, I concluded that the Orange County Civic Facilities Authority, established as a `public body, politic and corporate' was subject to the CCNA. In reaching this conclusion, I relied in part upon AGO 073-216 which noted that the CCNA `was enacted for the public benefit and should be interpreted most favorably to the public.' See also AGO 075-56 which held that the Sarasota-Manatee Airport Authority was within the purview of the CCNA. Cf. AGO 074-234 holding that a public housing authority is an independent special district within the purview and for the purposes of part III of Ch. 218, F. S., the Uniform Local Government Management and Reporting Act, and AGO 074-367 concluding that a regional housing authority is a special district and unit of local government within the meaning of part III of Ch. 218 and stating that it was not inconsistent for a housing authority as a public corporation and body politic to be characterized as a special district or a political subdivision or a unit of special government for certain definite purposes.
In light of the foregoing, therefore, I am of the view that a county housing authority is an `agency' within the purview and for the purposes of the CCNA.
AS TO QUESTION 3:
An examination of Ch. 421 reveals no requirement that a county housing authority's purchases of commodities be made pursuant to competitive bidding; nor has any special law imposing such a requirement upon the Broward County Housing Authority been brought to my attention.
In the absence of a statutory requirement, a public body is under no obligation to let a contract under competitive bidding or to award the contract to the lowest bidder. Attorney General Opinion 071-366. See also William A. Berbusse, Jr., Inc. v. North Broward Hospital District, 117 So.2d 550 (2 D.C.A. Fla., 1960) and AGO's 073-291 and 077-22. Accordingly, since the competitive bidding requirements of part I of Ch. 287, F. S. (except s. 287.055, F. S.), do not govern a county housing authority, and since Ch. 421 contains no such requirements, the Broward County Housing Authority is not obligated to purchase commodities through competitive bidding.
Prepared by: Patricia R. Gleason, Assistant Attorney General