376 So.2d 256 (1979)
Dan PAUL, Etc., and Richard E. Gerstein, Etc., Appellants,
v.
Al BLAKE, etc., et al., Appellees.
No. 78-1416.
District Court of Appeal of Florida, Third District.
October 9, 1979.
Rehearing Denied November 15, 1979.
*257 Jim Smith, Atty. Gen., and Harold F.X. Purnell, Asst. Atty. Gen., Tallahassee, Parker D. Thomson and Franklin G. Burt, Tobias Simon, Miami, for appellants.
Stuart L. Simon, County Atty. and Robert L. Krawcheck, Asst. County Atty., Steven A. Schultz, Steel, Hector & Davis and Judith M. Korchin, Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, Holland & Knight and Julian Clarkson, Tampa, Woodrow "Mac" Melvin, Jr., Smathers & Thompson and Richard J. Bischoff, Nicholson, Howard, Brawner & Lovett, Walton, Lantaff, Schroeder & Carson, Mershon, Sawyer, Johnston, Dunwody & *258 Cole and Mark V. Silverio, Batchelor, Brodnax, Guthrie & Primm, Miami, Fleming, O'Bryan & Fleming, Fort Lauderdale, Shutts & Bowen and Karl V. Hart, John R. Barrett, Adams & Ward and Thomas J. Schulte, H. Harris Turner, Morton H. Silver, Schatzman & Schatzman, Rosenberg, Rosenberg, Reisman & Glass, Paige & Catlin, Shaw & Segall, Morgan, Lewis & Bockus and Paul J. Levine, Miami, for appellees.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
The central question presented for review by this appeal is whether a county taxpayer has standing to bring a declaratory decree and injunctive action against public officials of the county when the action seeks to enjoin the grant of certain tax exemptions [given to other taxpayers in the county] on the ground that such exemptions violate specific limitations on the county's authority to grant tax exemptions imposed by the Florida Constitution. We hold that the taxpayer has standing to bring such an action without making a showing that the grant of such exemptions inflicted a special injury upon him which is distinct from that sustained by every other taxpayer in the county. Accordingly, we affirm in part and reverse in part the order dismissing the instant taxpayer's suit.

I
The facts relevant to the disposition of the instant appeal are as follows. The plaintiffs Dan Paul and Richard Gerstein are Dade County ad valorem property taxpayers. They instituted a second amended declaratory decree and injunction action against Al Blake, the Dade County Property Appraiser, the Dade County Property Appraisal Adjustment Board and the members thereof, along with certain other private taxpayers who hold certain leasehold or possessory interests in governmentally owned real property at the Miami International Airport. The complaint alleges that the Dade County Property Appraiser and the Dade County Property Appraisal Adjustment Board have granted complete ad valorem property tax exemptions to certain private leasehold and possessory interests in governmentally owned real property at the Miami International Airport on which certain improvements have been made financed by revenue bonds. It is contended inter alia that these tax exemptions are unlawful as they violate specific limitations on the county's power to grant tax exemptions imposed by Article VII, Sections 3(a) and 10(c) of the Florida Constitution. The complaint also contains other allegations of unlawfulness in the grant of the above-stated tax exemptions including contentions that the defendant members of the Dade County Property Appraisal Adjustment Board violated the conflict of interest and government in the sunshine laws.
The complaint further states that the plaintiffs are in doubt and request the court to enter a declaratory decree determining if the actions of the Dade County Property Appraisal Adjustment Board in granting such tax exemptions or permitting waiver of the 1977 Dade County ad valorem taxes on the above-stated leaseholds is a violation of the Florida Constitution. The complaint further prays that if the court determines that such leaseholds are liable for ad valorem taxes and such taxes may not be waived that the court should issue a peremptory writ of mandamus directed to the defendants Al Blake as Dade County Property Appraiser and the Dade County Property Appraisal Adjustment Board requiring such defendants to place the above-described leaseholds on the 1977 ad valorem tax rolls of Dade County, Florida and to enjoin these same defendants from accepting any waivers of ad valorem taxes against any of the above-described leaseholds.
The Florida Department of Revenue was joined as an "involuntary plaintiff" in the complaint. In turn, the Florida Department of Revenue filed a response agreeing in part, and disagreeing in part with the complaint. It was further made to appear that the plaintiffs Paul and Gerstein unsuccessfully sought to intervene in this case *259 before the Dade County Property Appraisal Adjustment Board, but were denied permission to do so.
Upon motion of the respective defendants in this case, the trial court dismissed the second amended complaint with prejudice on the grounds that (a) the plaintiffs Paul and Gerstein individually lacked standing to bring this lawsuit because they did not sufficiently allege any special interest adversely affected or damaged by the grant of the above-stated tax exemptions, and (b) the plaintiffs Paul and Gerstein had failed to exhaust their administrative remedies.[1] The plaintiffs appeal.

II
It is the established law of this state that a taxpayer of the state or county has standing to bring a declaratory decree and injunctive action against the proper public officials to restrain the unlawful exercise of the state or county's taxing or spending authority only upon a showing of special injury to such taxpayer which is distinct from that sustained by every other taxpayer in the taxing unit. Department of Administration v. Horne, 269 So.2d 659 (Fla. 1972); Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917).[2] This rule is based on the sound policy ground that without a special injury standing requirement, the courts would in all likelihood be faced with a great number of frivolous lawsuits filed by disgruntled taxpayers who, along with much of the taxpaying public these days, are not entirely pleased with certain of the taxing and spending decisions of their elective representatives. It is felt that absent some showing of special injury as thus defined, the taxpayer's remedy should be at the polls and not in the courts. Moreover, it has long been recognized that in a representative democracy the public's representatives in government should ordinarily be relied on to institute the appropriate legal proceedings to prevent the unlawful exercise of the state or county's taxing and spending power. See Henry J. Doherty and Co. v. Joachim, 146 Fla. 50, 52, 200 So. 238, 239 (1941).
One exception to the special injury standing requirement in taxpayer suits has been established. A taxpayer may institute such a suit without a showing of special injury if he attacks the exercise of the state or county's taxing or spending authority on the ground that it exceeds specific limitations imposed on the state or county's taxing or spending power by the United States Constitution or the Florida Constitution. Department of Administration v. Horne, 269 So.2d 659 (Fla. 1972), adopting as the law of Florida, Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Notwithstanding the danger of increased taxpayer suits, we perceive this exception to be based on our fundamental belief that such an unconstitutional exercise of the taxing and spending power is intolerable in our system of government and that the courts should be readily available to immediately restrain such excesses of authority. See: City of Naples v. Conboy, 182 So.2d 412 (Fla. 1965); State ex rel. Burbridge v. St. John, 143 Fla. 544, 197 So. 131 (1940); State ex rel Miller v. Doss, 141 Fla. 233, 192 So. 870 (1940).
We recognize that all these standing rules are based on highly debatable policy choices, but they represent, in our view, a reasonable effort to guarantee that the *260 state and counties lawfully exercise their taxing and spending authority without unduly hampering the normal operations of a representative democratic government. We adhere to these rules today because they are based on long-established precedent and seem both reasonable and fair.

III
In the instant case, the plaintiffs Paul and Gerstein have alleged no special injury by the grant of the tax exemptions to the leaseholds held by the individual taxpayers in governmentally owned property at the Miami International Airport. Ordinarily, then, their suit would be subject to dismissal for lack of standing. The plaintiffs have, however, brought themselves in part within the exception to the special injury standing requirement in taxpayer suits. The complaint alleges that the grant of the tax exemptions in this case violates specific provisions of the Florida Constitution relating to the county's taxing power, to wit: Article VII, Sections 3(a) and 10(c). These sections of the Florida Constitution specifically limit the authority of a county to grant tax exemptions. Volusia County v. Daytona Beach Racing and Recreational Facilities District, 341 So.2d 498 (Fla. 1976). As such, the plaintiffs have standing to ask for a declaratory decree and other appropriate relief solely as to the constitutionality of the tax exemptions under Article VII, Sections 3(a) and 10(c) of the Florida Constitution.
As to all other allegations of unlawfulness, however, the plaintiffs have no standing to challenge these tax exemptions in the absence of a showing of special injury. As no such special injury was shown in the instant complaint, the trial court properly dismissed the complaint as to those allegations. In addition, the prayer for a declaratory decree and other relief makes no reference to and is totally unrelated to the conflict of interest and sunshine law allegations contained in the complaint. On that ground alone, the complaint was properly dismissed as to such allegations and no declaratory decree need be rendered thereon upon remand of this cause.
We have no difficulty in rejecting the ground of failure to exhaust administrative remedies which was used as a basis for dismissing the instant complaint in its entirety. First, the plaintiffs Paul and Gerstein tried valiantly to intervene in this case before the defendant Dade County Property Appraisal Adjustment Board, but were denied permission to do so by the defendant Board. Secondly, the plaintiffs were not required to exhaust administrative remedies in this case as they have invoked the original jurisdiction of the circuit court to determine the constitutionality of the grant of a tax exemption. Department of Revenue v. Amrep, 358 So.2d 1343 (Fla. 1978). As such, the above-stated ground could form no basis for the dismissal of the instant complaint.
Finally, we are in full accord with the trial court's refusal to treat the Florida Department of Revenue as an "involuntary plaintiff" in this cause. There is no provision for such a party in the Florida Rules of Civil Procedure or anywhere else in Florida law. Accordingly, the trial court was eminently correct in aligning the Florida Department of Revenue as a defendant in the cause.

IV
The order of dismissal is reversed and the cause remanded to the trial court with directions to enter a declaratory decree and other appropriate relief on whether the grant of the above-stated tax exemptions violates a specific limitation on the county's taxing authority to grant tax exemptions as established in Article VII, Sections 3(a) and 10(c) of the Florida Constitution. We affirm the dismissal of the complaint with reference to all other allegations of unlawfulness, including the conflict of interest and sunshine act allegations, contained in the complaint. We also affirm the aligning of the Florida Department of Revenue as a defendant in this cause.
Affirmed in part; reversed in part.
NOTES
[1] The trial court also concluded that as to the tax years 1974, 1975 and 1976 the plaintiffs Paul and Gerstein were barred by the 60 day non-claim statutes [§ 194.171(2), Fla. Stat. (1977)] from bringing the instant action. The complaint herein, however, seeks a declaratory decree and other relief solely as to the tax year 1977 thereby rendering moot this ground for dismissal.
[2] We reject the plaintiffs' contention that no standing is required when, as here, a taxpayer files an action in equity attacking the lawfulness of a tax exemption. Indeed, we perceive such a suit as a challenge to the exercise of the state or county's taxing authority for which a showing of special injury would ordinarily be required. Our reading of the authorities cited in the plaintiffs' main brief, including State ex rel. Dofnos Corp. v. Lehman, 100 Fla. 1401, 131 So. 333 (1930), does not reveal the announcement of a contrary rule.