382 So.2d 368 (1980)
Ralph FREDERICKS, Appellant
v.
A.H. BLAKE, Property Appraiser for Metropolitan Dade County, Florida; Harry Coe, Florida Department of Revenue, Appellees.
No. 78-1805.
District Court of Appeal of Florida, Third District.
March 18, 1980.
Rehearing Denied May 5, 1980.
*369 James F. Pollack, Coral Gables, for appellant.
Robert A. Ginsburg, County Atty. and Robert L. Krawcheck, Asst. County Atty., Jim Smith, Atty. Gen. and Joseph C. Mellichamp, III, Asst. Atty. Gen., Tallahassee, for appellees.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
PER CURIAM.
Ralph Fredericks, plaintiff-taxpayer, appeals an order dismissing with prejudice his complaint to enjoin state approval of the 1978 preliminary tax assessment rolls for Dade County.
On July 11, 1978, Ralph Fredericks, as owner of taxable real properties in Dade County, filed a complaint to invalidate the preliminary 1978 tax assessment rolls and named as defendants Dade County, the property appraiser A.H. Blake, and Harry Coe as executive director of the State of *370 Florida, Department of Revenue. Fredericks basically alleged that the tax rolls were a mixture of dissimilar and unequal assessments and, therefore, illegal. He requested that the court enjoin approval of the 1978 Dade County preliminary tax rolls by the Department of Revenue and all tax complaint hearings to be held pursuant to Section 194.032, Florida Statutes (1977). He also asked that a tax appraiser ad litem be appointed by the court. Defendants Dade County, Blake and Coe filed motions to dismiss listing numerous grounds including lack of standing, failure to exhaust administrative remedies, failure to enjoin indispensable parties, absence of allegations of irreparable injury, etc. After a hearing, the court entered the order dismissing with prejudice Fredericks' complaint for injunctive relief for the reasons of failure to exhaust administrative remedies and mootness in that the preliminary tax roll had already been approved (while the action was pending). Fredericks appeals therefrom. We affirm.
An injunction is a drastic remedy which should be granted cautiously and sparingly and the essential requisites for an injunction are lack of a full, complete remedy at law and prevention of irreparable injury. Parrish v. Joyner, 54 So.2d 50 (Fla. 1951); Stoner v. South Peninsular Zoning Commission, 75 So.2d 831 (Fla. 1954). Thus, a taxpayer of the state or county has standing to bring an action for a declaratory decree and/or injunctive relief against the proper public officials to restrain the unlawful exercise of the state or county's taxing or spending authority only upon a showing of a special injury to such taxpayer which is distinct from that sustained by every other taxpayer in the taxing unit. Department of Administration v. Horne, 269 So.2d 659 (Fla. 1972); Paul v. Blake, 376 So.2d 256 (Fla. 3d DCA 1979); see also City of Coral Springs v. Florida Nat. Properties, 340 So.2d 1271, 1272 (Fla. 4th DCA 1976). As in the instant case where the taxpayer is contesting an assessment, he or she must allege (as special injury) that his or her property is either being assessed at greater than 100% of its fair market value or that substantially all other property in the county is systematically assessed at a value less than the assessment of his or her property. Deltona Corporation v. Bailey, 336 So.2d 1163, 1167-68 (Fla. 1976). Fredericks' complaint for injunctive relief contains no allegations of special injury.
We further find that the allegations of the complaint fail to fall within the exception to the special injury standing requirement. A taxpayer may institute a suit without a showing of special injury if he attacks the exercise of the state or county's taxing or spending authority on the ground that it exceeds specific limitations imposed on the state or county's taxing or spending power by the United States or Florida Constitutions. Paul v. Blake, 376 So.2d 256, 259 (Fla. 3d DCA 1979), supra. Outside of the broad unsupported allegation that the 1978 tax rolls are in violation of Article 7, Section 1 of the Florida Constitution (which states: "No tax shall be levied except in pursuance of law") Fredericks' complaint fails to allege violations of specific provisions of the Florida Constitution relating solely to the county's taxing power.
In addition, Fredericks has failed to demonstrate that there are no full, complete and adequate remedies at law available to him. The legislature has prescribed a comprehensive procedure for supervision and review of the preliminary rolls. See e.g. Sections 193.114(5), (6), 195.097, 195.098, Florida Statutes (1977). The injury, if any, could possibly occur only upon completion of the above supervision and review. Compare Town of Palm Beach v. Palm Beach County, 332 So.2d 355 (Fla. 4th DCA 1976).
Fredericks was required to first exhaust his administrative remedies as he lacked standing to invoke the original jurisdiction of the circuit court. See Monroe County v. Gustinger, 285 So.2d 431 (Fla. 3d DCA 1973). Upon receipt of his property assessment he can, and in fact did, pursuant to Section 194.011(3), Florida Statutes (1977) file a petition raising the same objections to his assessment and then be entitled to a hearing before the Property Appraisal *371 Adjustment Board as provided by Section 194.032, Florida Statutes (1977). Fredericks may possibly obtain the relief desired before the Board which may make such substantial changes in the final rolls that Fredericks will have no complaint. Alternatively, if he is dissatisfied with the Board's action, he may then file suit in circuit court as provided by Section 194.171, Florida Statutes (1977).
There are additional reasons why we feel compelled to affirm the dismissal order. By its very nature an injunction will lie only to restrain commission of a future injury since it is impossible to prevent what has already occurred. City of Coral Springs v. Florida Nat. Properties, 340 So.2d 1271, 1272 (Fla. 4th DCA 1976), supra. After the filing of the instant complaint to enjoin approval of the preliminary rolls, but prior to a hearing on the complaint, defendant Coe approved the rolls and, therefore, an injunction could not issue.
Further, an injunction will not be granted in cases where it is readily apparent that it will result in confusion and disorder and produce an injury to the public that outweighs the individual right of the complainant to have the relief sought. 17 Fla.Jur. Injunctions § 26 (1958). The granting of Fredericks' requested injunction would deprive the county and other taxing authorities of the orderly and timely receipt of essential revenues as well as precluding defendant Coe from performing his duties pursuant to Section 195.097, Florida Statutes (1977) and all subsequent administrative review.
For the reasons stated herein we conclude that the complaint for injunctive relief would not lie under the circumstance presented by the instant case.
Affirmed.