BOOTH, Judge.
This cause is before us on appeal from the final order of the trial court dismissing with prejudice a third amended complaint seeking to enjoin the City from contracting for architectural and engineering services without competitive bidding, actions allegedly in violation of the City charter and ordinances as well as Section 287.055, Florida Statutes, and Article VIII, Section 2(b), Florida Constitution. The complaint alleged that plaintiff is a citizen of Florida, a resident and taxpayer of the City, a property owner and subject to taxation by the City, and that, unless enjoined, the City’s action would increase his tax burden. In dismissing the complaint, the trial court held that plaintiff below lacked standing.
We reverse the judgment below and agree with our sister court in its recent decision in Fornes v. North Broward Hospital District, 455 So.2d 584 (Fla. 4th DCA 1984), wherein the trial court’s dismissal of a similar taxpayer suit to enjoin the alleged illegal expenditure of funds was reversed, the court holding:
Although there are numerous cases in Florida involving a taxpayer’s suit to prevent the illegal expenditure of public funds, at the present time there appears to be some uncertainty regarding the requirements for standing to bring such a suit. That uncertainty is well presented by the majority and dissenting opinions in the Godheim case relied upon by the trial court. Since all of the arguments pro and con are present therein, we will not unduly belabor the point here. Suffice to say, we are persuaded by the dissenting opinion authored by Judge Lehan because it is supported by a long line of Florida Supreme Court decisions holding that a taxpayer has standing to sue to prevent the illegal expenditure of public funds where he alleges that such expenditures will increase his tax burden, [citations omitted]

*338

We are also impressed with the policy arguments that militate in favor of allowing a taxpayer whose burden will be increased by alleged illegal expenditures of public funds to have standing to sue. For example, if an offended taxpayer cannot sue to prevent such activity, who will? Even other bidders may not have standing unless they, too, are taxpayers. Furthermore, an interesting question presents itself, should the enforcement of competitive bidding laws be left solely to the public officials and the bidders?
We also agree with the dissenting view stated by Judge Lehan in Godheim v. City of Tampa, 426 So.2d 1084,'1092 (dissenting opinion) (Fla. 2d DCA 1983), wherein the leading case of Richman v. White-hurst, 73 Fla. 152, 74 So. 205 (1917), is interpreted as follows:
In my view, the true “Rickman Rule,” ... is:
(1) A taxpayer has standing to sue for an unlawful governmental act which increases his tax burden.
(2) If a taxpayer cannot show such increased tax burden from such unlawful act, he must show either
(a) some other special injury distinct from that suffered by others, or
(b) that the action taken by the governmental body was unconstitutional.
Since this case involves a question of great public importance, we follow the lead of the Fourth District Court of Appeal and certify to the Supreme Court the same question certified in Fornes v. North Bro-ward Hospital District, supra, to-wit:
DOES A TAXPAYER WHO ALLEGES THAT THE TAXING AUTHORITY IS ACTING ILLEGALLY IN EXPENDING PUBLIC FUNDS WHICH WILL INCREASE HIS TAX BURDEN HAVE STANDING TO SUE TO PREVENT SUCH EXPENDITURE, OR IS IT NECESSARY THAT HE SUFFER SOME OTHER SPECIAL INJURY DISTINCT FROM OTHER TAXPAYERS (AS OPPOSED TO OTHER INHABITANTS)
OR LAUNCH A CONSTITUTIONAL ATTACK UPON THE TAXING AUTHORITY’S ACTION IN ORDER TO HAVE STANDING?
Reversed.
ERVIN, C.J., and WENTWORTH, J., concur.