800 So.2d 687 (2001)
Jack W. MARTIN, Appellant,
v.
CITY OF GAINESVILLE, Appellee.
No. 1D00-4791.
District Court of Appeal of Florida, First District.
November 30, 2001.
Mathew D. Staver and Erik W. Stanley of Liberty Counsel, Longwood, for Appellant.
Marion J. Radson, City Attorney; Debra S. Babb, Assistant City Attorney, Gainesville, for Appellee.
BENTON, J.
Jack W. Martin appeals the judgment dismissing his complaint for declaratory judgment and permanent injunction against the City of Gainesville, by which he sought to prevent expenditures for certain municipal employee benefits. See generally Lowe v. Broward County, 766 So.2d 1199 (Fla. 4th DCA 2000), review denied, 789 So.2d 346 (Fla.2001). The trial court dismissed for lack of standing. We affirm.
Mr. Martin does not contend that the injury he alleges differs in kind or degree from any injury other municipal taxpayers have experienced or will experience. Instead, he argues that his claims fall within an exception to the general requirement that a taxpayer must plead special injury in order to show standing. See Dep't of Revenue v. Markham, 396 So.2d 1120, *688 1121 (Fla.1981); Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205, 206 (1917); Godheim v. City of Tampa, 426 So.2d 1084, 1086-88 (Fla. 2d DCA 1983).
The exception to the special injury requirement he invokes is only available if a taxpayer can show that an expenditure violates specific constitutional limitations on the taxing and spending power. See Dep't of Admin. v. Horne, 269 So.2d 659, 662-63 (Fla.1972) (citing Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968)); Paul v. Blake, 376 So.2d 256, 259 (Fla. 3d DCA 1979) ("A taxpayer may institute such a suit without a showing of special injury if he attacks ... taxing or spending authority on the ground that it exceeds specific limitations imposed on the... taxing or spending power by the ... Florida Constitution.").
Specifically, he claims constitutional limitations on the spending power are to be found in Article VIII, section 2(b), Florida Constitution, which provides:
Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law.
He contends certain Gainesville employment policies are forbidden "as otherwise provided by law," including particularly section 741.212, Florida Statutes (2000).
Rejecting this basis for standing, the trial court concluded, citing Fredericks v. Blake, 382 So.2d 368 (Fla. 3d DCA 1980), that Mr. Martin "failed to successfully show a special injury or the exception to that requirement by showing the defendant violated the specific limitations imposed upon a city in taxing or spending by the Florida Constitution." We reach the same conclusion, and adopt the learned trial court's analysis of the standing question as our own. The decision in Fredericks concerned Article VII, section 1(a) ("No tax shall be levied except in pursuance of law."), rather than Article VIII, section 2(b). But the holding in Fredericks that mere statutory violations did not constitute "violations of specific provisions of the Florida Constitution," 382 So.2d at 370, gives important guidance here.
The present case resembles the unsuccessful taxpayer challenge to expenditures for "speed humps and speed tables" in City of Sarasota v. Windom, 736 So.2d 741, 742 (Fla. 2d DCA 1999), where the plaintiffs sought to test "the City's authority to install a specific type of device," 736 So.2d at 743, but did not contend that traffic control devices in general were beyond the city's governmental, corporate and proprietary powers. Nobody has suggested here that the City of Gainesville lacks general authority to contract with municipal employees for non-salary employment benefits. Mr. Martin, like the plaintiffs in Windom, lacks standing to insist on judicial intrusion into the details of municipal administration he complains of.
We note that the taxpayer ultimately determined not to have standing in City of Atlantic Beach v. Bull, 476 So.2d 158 (Fla. 1985), seems to have relied on exactly the same theory of standing that Mr. Martin espouses. Like Mr. Martin, he alleged that he was "a citizen of Florida, a resident and taxpayer of the City, ... subject to taxation by the City, and that, unless enjoined, the City's action would increase his tax burden." Bull v. City of Atlantic Beach, 463 So.2d 336, 337 (Fla. 1st DCA 1985), quashed by 476 So.2d 158. Like Mr. Martin, the taxpayer in Bull also invoked "Article VIII, Section 2(b), Florida Constitution," to no avail. Id.
*689 In sum, Mr. Martin's claims of statutory and general law violations fall short of the requirement that a taxpayer allege violations of specific constitutional limitations on taxing or spending powers. He has failed to plead special injury or any other basis for taxpayer standing.
Affirmed.
ERVIN and BARFIELD, JJ., Concur.