Nancy Kelley Wittenberg Secretary, Department of Professional Regulation Tallahassee
QUESTION:
Do persons licensed to practice chiropractic in this state under ch. 460, F. S., have the statutory authority to treat by the administration of injectible vitamins?
SUMMARY:
Chiropractic physicians are not authorized by law to treat the human body by the administration of `injectible vitamins.'
Your question is answered in the negative.
This office has been confronted with this issue upon two occasions in the past. In AGO 051-83, April 6, 1951, Biennial Report of the Attorney General, 1951-1952, p. 578, the question presented was whether persons licensed to practice chiropractic under ch. 460, F. S., had the legal authority to administer foods, food concentrates, and food extracts other than orally, such as subcutaneously, intravenously, intramembranously, or intramuscularly. At the time the question was raised, s. 460.11(2)(b), F. S., provided that:
 (b) Chiropractors may adjust, manipulate or treat the human body by manual, mechanical, electrical or natural methods, or by the use of physical means, physiotherapy (including light, heat, water or exercise) or by the use of foods and food concentrates, food extracts, and may apply first aid and hygiene, but chiropractors are expressly prohibited from prescribing or administering to any person any medicine or drug included in materia medica or from performing any surgery except as hereinabove stated or from practicing obstetrics. (Emphasis supplied.)
In answering the opinion request, AGO 051-83 stated:
 Accordingly, in view of the broad application of the word `use' in the statute, and in the absence of any indication that such word was intended to mean only oral use, it is my opinion that licensed chiropractors have the legal right to use foods, food concentrates and food extracts in the treatment of the human body by the various means set forth in the question, provided such chiropractors are technically qualified to employ such methods. (Emphasis supplied.)
 Again in AGO 056-283, the issue was raised whether chiropractors were authorized to administer vitamin injections. Because the wording of s. 460.11(2)(b), F. S., had not been altered, this office relied upon the reasoning found in AGO 051-83 and concluded that such injections could be given by chiropractors `provided such vitamin injections may be classified as a form of food and . . . [the chiropractic] board determines that such practitioners are technically qualified as to training to employ such methods.'
 At first blush, the question you have posed would appear to be answered by the rationale of AGO's 051-83 and 056-283; however, the Legislature's amendment of the language found in s. 460.11(2)(b), F. S., dictates a different answer. By s. 3 of ch. 57-215, Laws of Florida, the 1957 State Legislature amended s. 460.11(2)(b) to substitute the phrase `by the oral administration of foods and food concentrates, food extracts' (Emphasis supplied.) for the former terminology `by the use of foods and food concentrates, food extracts.' Substantially identical language now appears in s. 460.403(3)(c), F. S., which provides as follows:
 (c) Chiropractic physicians may adjust, manipulate, or treat the human body by manual, mechanical, electrical, or natural methods or by the use of physical means or physiotherapy, including light, heat, water, or exercise, or by the oral administration of foods, food concentrates, and food extracts
and may apply first aid and hygiene, but chiropractic physicians are expressly prohibited from prescribing or administering to any person any medicine or drug, from performing any surgery except as stated herein, or from practicing obstetrics. (Emphasis supplied.)
The 1957 amendatory act provided that `[s]ection 460.11, Florida Statutes, is amended to read:' and set forth in full all that the statute as amended was intended to contain and became a substitute for the preexisting section. All matters in the former section that were omitted in the amendatory act, such as `by the use of foods and food concentrates, food extracts,' were repealed by omission. See AGO 071-395 and authorities cited therein; and seegenerally 82 C.J.S. Statutes s. 294.
It is a general rule of statutory construction that, when a statute is amended, it is presumed that the Legislature intended a change in the existing law. State ex rel. Triay v. Burr, 84 So. 61
(Fla. 1920), and Capella v. City of Gainesville, 377 So.2d 658
(Fla. 1979). Although I am not in a position to state that the Legislature's amendment of s. 460.11(2)(b), F. S., by ch. 57-215, Laws of Florida, was in fact a direct response to the conclusions articulated in AGO's 051-83 and 056-283, the substitution of the wording `by the oral administration of' for the words `by the use of' must be accorded significance. Applying the presumption that, by amending s. 460.11(2)(b) the Legislature intended to effect a change in the scope of treatment chiropractors are authorized to employ, and by utilizing the universal rule that, when the language in a statute is clear and unambiguous, the statute must be given its plain and obvious meaning, it must be concluded that the Legislature has restricted chiropractors to `the oral administration of foods, food concentrates, and food extracts.' When a statute enumerates the things on which it is to operate (here, the oral administration of foods, food concentrates, and food extracts), it is ordinarily to be construed as excluding from its operation all things not expressly mentioned (such as, the administration of injectible vitamins). Thayer v. State,335 So.2d 815 (Fla. 1976), and Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1974). Further, a legislative direction how a thing shall be done — by oral administration — is, in effect, a prohibition against its being done in any other way. Weinberger v. Board of Public Instruction of St. Johns County, 112 So. 253 (Fla. 1927); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); and In re
Advisory Opinion of the Governor Civil Rights, 306 So.2d 520 (Fla. 1975).
Since I have concluded that chiropractic physicians are restricted by the enabling statute to `the oral administration of foods, food concentrates, and food extracts,' i.e., such food materials or substances may not be administered by injection, it is not necessary to consider whether the term `vitamins' falls within the definitional scope of `foods, food concentrates, and food extracts' or `any medicine or drug.' I would note that s.460.403(3)(c), F. S., does not in terms authorize chiropractic physicians to administer either substance by injection.
Prepared by: John E. Griffin, Assistant Attorney General