STATE OF FLORIDA, ex rel. B. C. BUTLER, *Plaintiff in Error,* vs. W. B. CAHOON, as Sheriff of Duval County, Florida, *Defendant in Error.*

143 So. 253.

Division A.

Opinion filed July 27, 1932.

*Austin Miller* and *Emmet Safay,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error;

*Erle B. Askew,* as amicus curiae.

PER CURIAM.—This case is before us to review the judgment of the Circuit Court of Duval County wherein the plaintiff in error as petitioner in habeas corpus was remanded to the custody of the Sheriff of that county. The plaintiff in error was a police officer of the City of Jacksonville and while in the discharge of his duties was driving a certain automobile, property of the City of Jacksonville, furnished by the City to police officials to be used exclusively in the discharge of their official duties. The automobile had not been provided with a license tag as required by law and the police officer was arrested and held in the custody of the Sheriff charged with the violation of the provisions of Chapter 15625, Acts of 1931.

It is admitted by the plaintiff in error that no license or identification tag had been placed on the automobile and that he was using the same on the public highways of the State, but it is contended that he should be discharged from custody because the Motor Vehicle Commissioner through his agents had demanded of the City of Jacksonville a fee of more than Two ($2.00) Dollars for a license tag or identification tag for such automobile and had refused to issue a tag for such automobile for the sum of $2.00 which was tendered by the City in payment therefor. This constitutes no defense to the charge made against the defendant.

If the Municipality offered the Motor Vehicle Commissioner the proper amount for the issuance to it of a license tag or identification tag for the automobile and

the Commissioner refused to issue the same, the remedy of the Municipality was by mandamus to compel the issuance of the tag and the City is not justified, nor is the police officer justified, in using the car without such tag in violation of the law.

It appears, therefore, that there was no error in the order of the Circuit Court so far as its judgment remanding the petitioner to the custody of the Sheriff was concerned. The Appellate Court is not concerned with the reasons of the Circuit Judge for remanding the petitioner. If the order remanding the prisoner is justified in law it is immaterial that the Circuit Judge may have given a reason for making such order with which we do not concur. Paragraph 17 of Section 3 of Chapter 15625, Acts of 1931, provides in part as follows:

"It shall be unlawful for any person to operate on or over the highways of this State or on any road or street therein any motor vehicle which, at the time of such operation, shall not have affixed thereto the proper license plate or tag issued by the State Motor Vehicle Commissioner showing payment of the registration or re-registration fee and taxes provided by this Section, and every person so offending against the provisions of this Section, whether the owner or having any interest in the Motor Vehicle involved or not, shall be deemed guilty of a misdemeanor and punished by a fine of not exceeding five hundred dollars ($500.00), or by imprisonment in the county jail not exceeding six months."

Passenger automobiles owned by municipalities and used exclusively by officers or employees of the Municipality for governmental purposes only are not in terms excepted from the operation of the statute under consideration. But such automobiles can logically be held to fall in only one classification for which registration fees are provided by the statute. That classification is "exempt or official $2.00 flat." This fee is declared to

be fixed by the statute to cover the cost of the identification number plate. Although such fee may exceed the actual cost of administering the act in this regard, including the furnishing of the number plate, it is not sufficient to be regarded as a property tax, which would be inhibited by the Constitution when applied to municipal property that may be exempted by law under Section 1, Article IX of the Constitution. It may be that such tax, if it be a tax, may be justified and held valid on authority of the opinion and judgment in the case of the City of West Palm Beach vs. Amos, 100 Fla. 891, 130 Sou. 710.

As the identification tag required by statute had not been procured and placed on the automobile within the time and in the manner provided by law, it was unlawful for the police officer to use the automobile in that condition on the public highways of the State of Florida and the streets of Jacksonville constitute a part of the public highways of the state.

The affidavit under which the petitioner was held did not fail to state an offense against the laws of the State of Florida and the return made by the Sheriff is sufficient.

The judgment of the Circuit Court should be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.