Mr. John W. McWhirter, Jr. Attorney Clerk of the Circuit Court Hillsborough County 201 E. Kennedy Boulevard Post Office Box 3350 Tampa, Florida 33601
Dear Mr. McWhirter:
This is in response to your request for an opinion on the following question:
 ARE COUNTIES AUTHORIZED TO PAY PENALTIES ASSESSED AGAINST COUNTY EMPLOYEES UNDER s 316.545, F.S., FOR OVERWEIGHT VEHICLES?
From your inquiry, it appears that your question is prompted by a request from a Hillsborough County employee that the county pay a $67 civil penalty imposed on the employee by a Department of Transportation weight inspection officer who determined that the county-owned truck the employee was driving was overloaded and overweight in violation of s 316.545, F.S. Apparently, no review of such penalty imposed, in the language of the statute, "upon any vehicle or person under the provisions of [Ch. 316, F.S.] relating to weights imposed on the highways by the axles and wheels of motor vehicles" was obtained under the provisions of ss 316.545(6) and (7), F.S. Through communication with the Bureau of Weights of the Department of Transportation, this office has been informed that such penalty was assessed by a weight inspection officer of the department pursuant to s 316.545 against an employee of Hillsborough County who was operating a county-owned vehicle on a public road for a violation of actual weight or gross weight restrictions as prescribed by Ch. 316, F.S. However, this office was also informed that such employee and the county-owned vehicle he was operating were released without payment instanter of the penalty assessed and that the department has yet to receive payment of such penalty. This office was further advised by the department that, if payment of the penalty is not received within a reasonable time, the department contemplates proceeding against the vehicle to recover the amount of the penalty through foreclosure proceedings under s 316.545(4), F.S.
It must be noted preliminarily that the construction of s 316.545, F.S., by the Department of Transportation and the application of such statutory provisions to Hillsborough County and the county's vehicle in this instance, as well as the general administrative practices and procedures of the department, and the department's assertion of authority under s 316.545 with respect to public employees and publicly-owned vehicles, must be accorded prima facie validity, and I am unable to comment on or to determine such matters at your request. See, s 16.01(3), F.S., authorizing the Attorney General to opine on questions of law relating to the official duties of the requesting officer. Any such determination as to the practices, procedures, and construction and application of the statutes by the department to the particular circumstances herein, if questioned, must be made by the judiciary in appropriate proceedings. See, State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973), holding that the administrative construction of a statute by the agency charged with its enforcement is entitled to great weight and will not be overturned unless clearly erroneous.
The Legislature's reasonable exercise of the police power to control the size of loads transported over the public roads and to penalize those who place excessive burdens on their vehicles has been held to be appropriate for the protection of the system of roads "maintained for the use of all the people." Youngblood v. Darby, 58 So.2d 315, 316 (Fla. 1952). As to the use of such public roads by county-owned vehicles, I note that a county is required to obtain license plates for vehicles which it owns or operates on public roads. See, s 320.0655(1), F.S. Although such vehicles are exempt from license taxes otherwise imposed on vehicles by s320.08, F.S., pursuant to s 320.10(1)(d), F.S., a county is required to pay the fee provided by s 320.10(2), F.S., which also requires all exempted county-owned vehicles to be equipped with proper license plates showing such exempt status. See, s320.0655(3), F.S. See also, s 320.08(12), F.S. (applying same flat fee to license plates for other exempted vehicles). Cf., State ex rel. Butler v. Cahoon, 143 So. 253 (Fla. 1932) (statutory classification for "exempt" vehicles determines registration fee for vehicles owned by municipality and used exclusively by officers for governmental purposes).
Thus, it is apparent that county-owned or operated vehicles are licensed by the state and in fact are required to be licensed, albeit in a tax-exempt status, in order to operate any such vehicle on the public highways or roads. Moreover, it appears from your inquiry that Hillsborough County was operating its county-owned vehicle through its employee engaged in and within the scope of his employment with the county on a public highway or road in Hillsborough County at the time the Department of Transportation weight inspection officer stopped and weighed the vehicle and found the load to be excessive, unlawful, and injurious to the highways or roads upon which the vehicle was being operated.
The determination as to the correctness of the weighing of the load and the computation of the penalty assessed by the officer are mixed questions of fact and law which cannot be resolved by this office and must be determined, if questioned in appropriate proceedings, by the Weight Review Board of the Department of Transportation under ss 316.545(6) and (7), F.S., or by appellate review of the board's findings by the judiciary. However, if the Hillsborough County Board of County Commissioners duly determines that the county's vehicle was being duly operated in the conduct of county business by the county's employee authorized to operate such vehicle and acting within the scope of his employment, and further determines that such vehicle was in fact overloaded, or loaded beyond permissible limits as established by Ch. 316, F.S., at the time the vehicle was stopped by the department's weight inspection officer, then I am of the view that the county may, by appropriate legislative action, authorize payment of the penalty in question, pursuant to its home rule power. I note that, under s316.545(5), F.S., all penalties collected under s 316.545, F.S., are to be used for the repair and maintenance of roads of this state, as well as for the purpose of enforcing provisions of Ch. 316 which relate to the weights of vehicles. Under Speer v. Olson,367 So.2d 207 (Fla. 1978), and Home Builders and Contractors Association of Palm Beach County, Inc. v. Board of County Commissioners of Palm Beach County, 446 So.2d 140 (4 D.C.A.Fla., 1983), unless the Legislature has acted to preempt a particular subject relating to county government by general or special law, county government, by reason of the first sentence of s 125.01(1), F.S., which provides that "[t]he legislative and governing body of a county shall have the power to carry on county government," has full authority to act through the exercise of home rule power and is therefore empowered to proceed thereby to accomplish a county purpose.
This office is not aware of any general or special law which either authorizes or restricts the governing body of Hillsborough County with regard to this matter, nor have you drawn my attention to such a law. Cf., AGO's 71-169 (county commissioners could contribute county funds to chamber of commerce on adoption of ordinance declaring such as serving a county purpose and authorizing such) and 70-134 (clerk may ordinarily rely on ordinance declaring proper public purpose for expenditure of public funds). See generally, AGO's 84-49 and 83-5 (concluding that incentive programs for county employees were proper expenditures of county funds where commissioners exercised legislative judgment and based such expenditures on appropriate legislative findings as to purpose and benefits accruing to the county).
In summary, then, and unless and until legislative or judicially determined otherwise, I am of the opinion that the county is authorized to pay a penalty assessed against a county employee under s 316.545, F.S., for overweight vehicles where the board of county commissioners duly determines that the county's vehicle was being duly operated in the conduct of county business by the county's employee authorized to operate such vehicle and acting within the scope of his employment, and where the board further determines that such vehicle was in fact overloaded, or loaded beyond permissible limits as established by Ch. 316, F.S., at the time the vehicle was stopped by the Department of Transportation's weight inspection officer, pursuant to the county's home rule power under s 125.01(1), F.S., and upon an appropriate legislative determination as to the foregoing facts and the county purpose to be accomplished thereby.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General